UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 OCT 14  P 12: 03

CIVIL ACTION NO. 04-11934-GAO

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NOAH GREENBERG | ) |
|    Plaintiff | ) |
| | ) |
|    v. | ) |
| | ) |
| TOWN OF FALMOUTH, | ) |
| AND GANNETT | ) |
| FLEMING, INC., | ) |
|    Defendants | ) |
| | ) |
|    v. | ) |
| | ) |
| TOWN OF FALMOUTH, | ) |
|    Third-Party | ) |
|    Defendant | ) |

## ANSWER BY DEFENDANT GANNETT FLEMING, TO COMPLAINT FOR COPYRIGHT INFRINGMENT, AND CROSS-CLAIM AGAINST CO-DEFENDANT, THE TOWN OF FALMOUTH

Now comes defendant Gannett Fleming, Inc. ("Gannett Fleming"), through its counsel of record, and hereby answers the Complaint for copyright infringement brought by plaintiff Noah Greenberg ("Plaintiff"). Gannett Fleming also brings a cross-claim against co-defendant the Town of Falmouth ("Falmouth") for indemnification herein.

### I.    Subject Matter Jurisdiction

1.    Defendant objects to the allegations in this paragraph to the extent that the content of the Complaint speaks for itself. Defendants further respond that the Complaint also contains a State-law count for alleged violations of ch. 93A.

2.    Plaintiff alleges conclusions of law to which no response is required.

### II.    Venue

4 [#3 missing].  Plaintiff alleges conclusions of law to which no response is required.

### III.    Parties and Personal Jurisdiction

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Admitted.

7.    Defendant admits that its principal place of business is in Camp Hill, Pennsylvania, and that it regularly does business in the Eastern District of Massachusetts. Any allegations in this paragraph not admitted, are hereby denied.

8.    Denied.

### IV.    Plaintiff's Copyrights

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore holds plaintiff to his proof.  Further answering, defendant objects to the extent that Exhibit 1 speaks for itself.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore holds plaintiff to his proof.  Further answering, defendant objects to the extent that Exhibit 2 speaks for itself.  Further answering, defendant points out that the date on plaintiff's registration form #Vau-566-972, for unspecified architectural work, is 4/11/03, not 2/11/03.

## V.    Causes of Action

### Count I
### Infringement of Copyright

11.    Defendant incorporates by reference its responses to paragraphs 1 throughout 10 of the Complaint as though they were set forth herein at length.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore holds plaintiff to his proof.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore holds plaintiff to his proof.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore holds plaintiff to his proof.

15.    Admitted.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence paragraph 16 of the Complaint. Defendant denies the remaining allegations contained in this paragraph.

17.    Denied.

18.    Defendant denies that there were acts of infringement, or that if there were any, that they were willful and intentional. Defendant is without knowledge or information sufficient to form a belief as to what plaintiff "believes", as stated in paragraph 18 of the Complaint.

19.    Denied.

## Count II
### Request for Injunctive Relief

20.    Defendant incorporates by reference its responses to paragraphs 1 throughout 19 of the Complaint as though they were set forth herein at length.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## Count III
### Violation of M.G.L. ch. 93A, Gannett Fleming, Inc., Only

25.    Defendant incorporates by reference its responses to paragraphs 1 throughout 24 of the Complaint as though they were set forth herein at length.

26.    Defendant states that the allegations contained in paragraph 26 call for conclusions of law to which no response is required.

27.    Denied.

28.    Denied.

29.    Denied.  Further answering, defendant does not understand the phrase "plaintiffs-in-counterclaim."

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant.

2.    Plaintiff's claims against defendant are barred by the applicable statute of limitations.

3.    Plaintiff's claims against defendant are barred by the doctrine of laches.

00059163.DOC

4.      Plaintiff's claims against defendant are barred by the doctrines of waiver and/or estoppel.

5.      The plaintiff is not entitled to injunctive relief in this case because it would not be in the public interest to block the construction project at its current stage.

6.      To the extent that there has been no attempt to mitigate, minimize, or avoid any damage alleged in the subject claims, any recover against defendant must be reduced or eliminated.

7.      To the extent that plaintiff's own comparative fault or negligence caused the damages and/or injuries alleged in the subject claims, any recovery against defendant must be reduced or eliminated.

8.      Defendant states that if plaintiff was injured, which defendant denies, said injury were caused by a party or parties over whom defendant had no control. Nor should defendant be responsible for the actions of the other defendant, the Town of Falmouth.

9.      If defendant is found in any way liable to plaintiff, then the other defendant, the Town of Falmouth, must indemnify defendant under contractual and/or common-law indemnification rules.

10.     To the extent that plaintiff is seeking copyright protection for generic construction ideas, such protection is not available, under the doctrine of merger.

11.     Because plaintiff's copyrights were unregistered at the time of some or all of the alleged infringement(s), plaintiff is not entitled to statutory remedies.

12.     To the extent that plaintiff granted a non-exclusive license to either or both defendants, defendant's use of plaintiff's material was permissive.

00059163.DOC

13.    Plaintiff's general publication of its architectural plans eliminated any common-law copyright protection therefrom.

14.    Plaintiff's state-law claim, for violations of 93A is federally preempted.

15.    The Complaint does not describe the subject claims with sufficient particularity to enable defendant to determine all of the grounds for its defense. Defendant therefore reserves its right to assert any additional grounds for its defense that may become available once the precise nature of plaintiff's claims is ascertained.

## GANNETT FLEMING'S CROSS-CLAIM AGAINST FALMOUTH FOR CONTRACTUAL INDEMNIFICATION, COMMON-LAW INDEMNIFICATION, AND CONTRIBUTION

1.    In Plaintiff's complaint for copyright infringement and injunctive relief, Plaintiff has alleged that Gannett Fleming violated certain provisions of the Copyright Act and of M.G.L. ch. 93A. Plaintiff has also sought injunctive relief against Defendants, based on Defendants' alleged infringements of Plaintiff's copyrights.

2.    Gannett Fleming vigorously denies Plaintiff's allegations of copyright infringement and violations of ch. 93A. However, should Plaintiff succeed on any or all of its claims against Gannett Fleming, Gannett Fleming may be liable for damages, costs, and/or fees to Plaintiff.

3.    In the 4/1/03 letter attached at Exhibit A, the Town of Falmouth agreed to indemnify Gannett Fleming against any liability that Gannett Fleming might incur as to Plaintiff herein. William Owen of Falmouth signed this indemnification letter and thereby agreed that Falmouth would indemnify Gannett Fleming as of 4/3/03. William Owen had authority to bind Falmouth as to indemnification in this matter. Therefore, Falmouth owes a duty of express contractual indemnification to Gannett Fleming in this case.

00059163.DOC

4.      Gannett Fleming and Falmouth also have a special relationship as to this particular project, based on Gannett Fleming's reliance on Falmouth's provision of Plaintiff's plans and on statements that Plaintiff's plans should be reviewed in making new plans for the subject job.  Therefore, Falmouth owes Gannett Fleming a duty of implied contractual indemnification in this case.

5.      Even if the express indemnification contract at Exhibit A is held invalid and if there is found no special relationship between Gannett Fleming and Falmouth, Falmouth still owes Gannett Fleming a duty of common-law indemnification in this case. Gannett Fleming's liability, if any, to Plaintiff would be vicarious, based on Falmouth's alleged infringing activities.

6.      If Gannett Fleming is found liable to Plaintiff, then Falmouth owes Gannett Fleming a duty of contribution, as a joint tortfeasor, under M.G.L. ch. 231B §1, or as a contributory infringer under the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, defendant respectfully requests that this Court ender judgment in its favor as follows:

1.      Dismissing plaintiff's Complaint;

2.      Declaring that plaintiff is not entitled to injunctive relief prohibiting defendant from using its blue prints or prohibiting defendant from any construction on the subject job for the Town of Falmouth;

3.      In the alternative, should defendant be found in any way liable to plaintiff, declaring that defendant is entitled to indemnification and/or contribution from its co-defendant the Town of Falmouth;

00059163.DOC

4.     Declaring that defendant is not liable under applicable law for attorneys' fees, prejudgment interest, post-judgment interest, or costs;

5.     Declaring that defendant have and recover its costs of suit; and

6.     Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Demand is hereby made for trial by jury on all issues so triable.

The Defendant,
GANNETT FLEMING, INC.

By its attorneys,

Dated: _10/13/04_

_John Barker_

Paul Michienzie, Esq. – BBO #548701
John C. Barker, Esq. – BBO #637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA   02116-2636
Tel. 617-227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for Defendant, hereby certify that I have on this 13th day of October 2004, served the foregoing Answer and Cross-Claim by Defendant Gannett Fleming, Inc., to Complaint for Copyright Infringement, by mailing a copy of same, postage prepaid, to:

Christopher S. Finnerty, Esq.
The Law Office of Richard M. Russell, P.C.
205 Worcester Court, Unit B 2
Falmouth, MA 02540

John Davis, Esq.
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston 02110-1257

_____
John C. Barker

# EXHIBIT A

 **Gannett Fleming**

April 01, 2003

**GANNETT FLEMING, INC.**
150 Wood Road
Braintree, MA 02184-2509
Office: (781) 380-7750
Fax: (781) 380-7754
www.gannettfleming.com

Mr. William B. Owen, P.E.
Department of Public Works
59 Town Hall Square
Falmouth, MA 02540

Re:    Town of Falmouth
       Department of Public Works
       Maintenance Facility Addition and Renovations

Dear Mr. Owen:

On June 07, 2002, Gannett Fleming received a letter, on behalf of Noah Greenberg Associates, from the Law Offices of Richard M. Russell regarding the above mentioned project. Mr. Russell stated that Noah Greenberg Associates expressly reserved all rights in the plans previously prepared for the Town of Falmouth for this project and expressly prohibited any unauthorized use of said plans whether heretofore or hereafter undertaken.

Please be advised that the plans prepared by Noah Greenberg Associates were in no way utilized by Gannett Fleming in developing the final design documents for the Public Works Maintenance Facility Addition and Renovations. Gannett Fleming performed an independent space needs assessment and prepared new schematic design documents in order to develop a program which meets the current and future needs of the Falmouth Department of Public Works. The Noah Greenberg Associates' preliminary design documents were not utilized as part of this process. These new schematic design documents were approved by the Town and utilized in developing the final design documents.

Any potential similarities between Gannett Fleming's final design documents and Noah Greenberg Associates' preliminary design documents may be a result of industry standard space programming and design development for a facility of this nature. Consequently, Gannett Fleming is requesting that the Town of Falmouth hold Gannett Fleming harmless for any claims that Noah Greenberg Associates may bring against Gannett Fleming pertaining to this project.

If you are in concurrence, please sign below and return one copy for our files. Should you have any questions or comments, please do not hesitate to call.

Very truly yours,

Donald B. Nicholas, P.E.
Vice President

Job # 37973

Project File___  Contract File___  Invoice File___  CD File___  Privileged Comm.__
Distribution: MEH, JJA, DBN, B, McLean

_William B. Owen_
Town of Falmouth

4/3/03
Date

*A Tradition of Excellence*

cc: Frank Duffy, Town Counsel