FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION    2004 OCT 14  P 12: 03

CIVIL ACTION NO. 04-11934-GAO
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NOAH GREENBERG | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF FALMOUTH, | ) |
| AND GANNETT | ) |
| FLEMING, INC., | ) |
|     Defendants | ) |

## DEFENDANT GANNETT FLEMING'S MOTION TO DISMISS THE CHAPTER 93A COUNT AGAINST IT

Now comes defendant Gannett Fleming, Inc. ("Gannett Fleming"), through its counsel of record, and hereby moves to dismiss Count III in the Complaint by Plaintiff Noah Greenberg ("Plaintiff") for copyright infringement.[1] Count III of Plaintiff's Complaint is for alleged violation of M.G.L. ch. 93A, and is brought against Gannett Fleming only (not co-defendant the Town of Falmouth). For the reasons set forth below, Gannett Fleming submits that this 93A count is federally preempted in the context of this copyright action against it.

I.   **The Standard for a Motion to Dismiss**

Under Fed. R. Civ. Proc. 12(b), the moving party must show that the Plaintiff can prove no set of facts in support of its claim that would entitle it to relief, and the allegations in Plaintiff's Complaint must be taken as true. *E.g.,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

---

[1] Gannet Fleming's response to Plaintiff's Complaint is due on 10/4/04, by an extension kindly granted by Plaintiff's counsel to Gannett Fleming's defense counsel.

00059234.DOC

1

Even using this test, Plaintiff's allegations in Count III simply repeat Plaintiff's copyright infringement allegations. Therefore, they are by definition, federally preempted (as discussed below). This is apparent when reading ¶27 and ¶28 of Plaintiff's Complaint. In those paragraphs, the acts that Plaintiff alleges violate ch. 93A, are precisely the same acts that Plaintiff alleges infringe its copyrights, as described in the preceding paragraphs of the Complaint. The point is that Plaintiff does not add any separate or additional allegations for its ch. 93A claim.[2]

## II.   Federal Preemption of State-Law Claims Based on Copying

Under 17 U.S.C. §301(a), the copyright statutes proscribe parallel state-law actions to protect the same rights that are "governed exclusively" by the copyright statutes. Thus, a state-law or statutory "cause of action is preempted by federal copyright laws if the subject matter of the state-law right falls within the subject matter of the copyright laws and the state-law right asserted is equivalent to the exclusive rights protected by federal copyright law." Kregos v. Associated Press, 3.F.3d 656 (2d Cir. 1993); accord, John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 45 (1st Cir. 2003); Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1164-65 (1st Cir. 1994). Thus, where the "behavior on which [Plaintiff] based its state-law claim is the same behavior that [Plaintiff] alleged gave rise to copyright liability," then "the state claim is... preempted." John G. Danielson, 322 F.3d at 44-45 citing Data General, 36 F.3d at 1164-65. In John G. Danielson, the First Circuit found a 93A claim preempted on these grounds.

---

[2] Defendant intends to vigorously dispute the factual and legal allegations in Plaintiff's copyright infringement claims, as well as in Plaintiff's ch. 93A claim. However, at this stage of the litigation, defendant is required to accept Plaintiff's factual allegations as true.

00059234.DOC

Similarly, in the instant case, the unfair and deceptive acts that Plaintiff alleges against Gannett Fleming in Count III, are Gannett Fleming's alleged copying of Plaintiff's architectural plans/works for Gannett Fleming's uses for the same construction project (*see* Complaint ¶¶13, 17, 27). *See* Innovative Networks, Inc. v. Satellite Airlines Ticketing Centers, Inc., 871 F.Supp. 709, 730 (S.D.N.Y 1995), *cited with approval in* 978 F.Supp. 167, 181 (S.D.N.Y. 1997), *aff'd,* 152 F.3d 918 (2d Cir. 1998) (copying of architectural plan was ground for Plaintiff's unfair competition claim, such that this claim was preempted by federal copyright laws).

Nor is there any "extra element" that adds to the allegations about copying, and separates the state-law 93A claim from the copyright claims. Some courts have opined that such a state-law claim will *not* be preempted where there is a qualitatively different "extra element" involved, such as breach of fiduciary duty or of a confidentiality agreement. *See, e.g.,* Data General, 36 F.3d at 1164-65; Kregos, 3 F.3d at 666. However, this "extra element" must be qualitatively different; the difference in the claims cannot be merely that the state-law claim alleges that the copying or infringing behavior was particularly egregious or "commercially immoral." Id. If we accept Plaintiff's allegations in the instant case, what Gannett Fleming allegedly did wrong was to copy Plaintiff's architectural plans and use them in its own construction project for the Town of Falmouth. There is no "extra element" here.

### III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's 93A claim (Count III) against Gannett Fleming only, must be dismissed as federally preempted by the copyright statute, under 17 U.S.C. §301(a). The allegedly unfair or deceptive acts that Plaintiff complains of in

00059234.DOC

3

Count III were precisely the alleged copying that it complains of in its other Counts.

The Defendant,
GANNETT FLEMING, INC.

By its attorneys,

Dated: 10/13/04

_____
Paul Michienzie, Esq. – BBO #548701
John C. Barker, Esq. – BBO #637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116-2636
Tel. 617-227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for Defendant, hereby certify that I have on this 13th day of October 2004, served the foregoing Defendant Gannett Fleming's Motion to Dismiss the Chapter 93A Count Against It, by mailing a copy of same, postage prepaid, to:

Christopher S. Finnerty, Esq.
The Law Office of Richard M. Russell, P.C.
205 Worcester Court, Unit B 2
Falmouth, MA 02540

John Davis, Esq.
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston 02110-1257

_____
John C. Barker

00059234.DOC

4