UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOAH GREENBERG, <br>     Plaintiff, <br><br> v. <br><br> TOWN OF FALMOUTH and <br> GANNETT FLEMING, INC., <br>     Defendants. | )<br>)<br>)<br>)   C.A. NO. 04-11934GAO<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT TOWN OF FALMOUTH'S
## FIRST AMENDED ANSWER WITH JURY CLAIM

First Defense

The **Complaint for Copyright Infringement and Demand for Trial by Jury** does not state a claim against Defendant Town of Falmouth ("Falmouth") upon which relief can be granted.

Second Defense

Falmouth responds to the allegations of the **Complaint for Copyright Infringement and Demand for Trial by Jury**, paragraph by paragraph, as follows:

### Subject Matter Jurisdiction

1-2.    Falmouth does not respond to Paragraphs No. 1 and 2 because they state conclusions of law to which Falmouth has no obligation to respond. To the extent a response is necessary, Falmouth denies those allegations and calls upon Plaintiff to prove the same.

### Venue

4. [sic] Falmouth does not respond to Paragraph No. 4 because it states a conclusion of law to which Falmouth has no obligation to respond. To the extent a response is necessary, Falmouth denies those allegations and calls upon Plaintiff to prove the same.

### Parties and Personal Jurisdiction

5.    Falmouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 and, therefore, leaves the Plaintiff to his proof.

6.    Falmouth admits the allegations contained in Paragraph No. 6.

7.    Falmouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 and, therefore, leaves the Plaintiff to his proof.

8.    Falmouth denies the allegations contained in Paragraph No. 8 and calls upon Plaintiff to prove the same.

### Plaintiff's Copyrights

9-10.  Falmouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs No. 9 and 10 and, therefore, leaves the Plaintiff to his proof.

### Count One
### (Infringement of Copyright)

11.    Falmouth repeats and makes responses to Paragraphs No. 1-10 its responses to Paragraph No. 11 as if set forth herein.

12-13. Falmouth denies the allegations contained in Paragraphs No. 12-13 and calls upon Plaintiff to prove the same.

14.    Falmouth is unable to respond to Paragraph No. 14 because the allegations therein are vague and ambiguous.  To the extent a response is necessary, Falmouth denies the allegations contained in Paragraph No. 14 and calls upon the Plaintiff to prove the same.  Answering further, Falmouth states that the subject project always continued to move forward despite funding setbacks.

15.    Falmouth admits the allegations contained in Paragraph No. 15.

16-19. Falmouth denies the allegations contained in Paragraphs No. 16-19 and calls upon the Plaintiff to prove the same.

### Count Two
### (Request for Injunctive Relief)

20.    Falmouth repeats and makes responses to Paragraphs No. 1-19 its responses to Paragraph No. 20 as if set forth herein.

21-22. Falmouth denies the allegations contained in Paragraphs No. 21-22 and calls upon Plaintiff to prove the same.

23.    Falmouth does not respond to Paragraph No. 23 because it state conclusions of law to which it has no obligation to respond.  Falmouth leaves the Plaintiff to his proof.

24.     Falmouth denies the allegations contained in Paragraph No. 24 and calls upon Plaintiff to prove the same.

## Count Three
### (93A)

25-29.  Falmouth does not respond to Paragraphs No. 25-29 (making up Count Three) because Count Three involves allegations and counts not directed at it.

        **WHEREFORE**, Falmouth asserts that Plaintiff's claim are without merit and that they should be dismissed.  Furthermore, no temporary injunction should issue because Plaintiff has no likelihood of success on the merits and, even if he did, there is an adequate measure of money damages.

### Third Defense
The intellectual property at issue constitutes a work for hire owned by Falmouth.

### Fourth Defense
Falmouth states that Plaintiff's claim is untimely in that it was filed outside the applicable statute of limitations.

### Fifth Defense
Falmouth states that it cannot be held vicariously liable for the intentional actions of its employees.

### Sixth Defense
Falmouth states that its actions and conduct were performed according to and protected by law and/or legal process, and therefore, Plaintiff cannot prevail

### Seventh Defense
Falmouth states that Plaintiff cannot recover because Plaintiff failed to name an essential party, Robert Charles Group.

### Eighth Defense
Falmouth states that Plaintiff failed to mitigate his damages.

### Ninth Defense
Falmouth states that Plaintiff cannot recover due to the equitable doctrine of laches.

### Tenth Defense
Falmouth states that Plaintiff cannot recover because Falmouth never published the intellectual property at issue.

Eleventh Defense

Falmouth states that Plaintiff cannot recover because he lacks standing.

Twelfth Defense

Falmouth states that it had an implied license regarding the intellectual property at issue.

Thirteenth Defense

Falmouth states that its use of the intellectual property at issue was no more than fair use.

**Jury Demand**

Falmouth demands a jury on all counts so triable.

> The Defendant,
> TOWN OF FALMOUTH,
> By its attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
>
> John J. Davis, BBO #115890
> Daniel G. Skip, BBO #629784
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Dated: October 15, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 10-15-04