UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOAH GREENBERG,<br>    Plaintiff,<br><br>v.<br><br>GANNETT FLEMING, INC.,<br>    Defendant/<br>    Cross-Claim Plaintiff,<br>and<br>TOWN OF FALMOUTH<br>    Defendant/<br>    Cross-Claim Defendant. | C.A. NO. 04-11934GAO |

## DEFENDANT TOWN OF FALMOUTH'S ANSWER WITH JURY CLAIM TO DEFENDANT GANNETT FLEMING, INC.'S CROSS-CLAIM

### First Defense

Defendant Gannett Fleming, Inc.'s ("Gannett's") Cross-Claim does not state a claim against Defendant Town of Falmouth ("Falmouth") upon which relief can be granted.

### Second Defense

Falmouth responds to the allegations of the Cross-Claim paragraph by paragraph as follows:

**(Common Law Indemnification; Contractual Indemnification; Contribution)**

1.  Falmouth admits the allegations of Paragraph No. 1.

2.  Falmouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 and, therefore, leaves Gannett to its proof.

3-6. Falmouth denies the allegations contained in Paragraphs No. 3-6 and, therefore, leaves Gannett to its proof.

**WHEREFORE**, Falmouth asserts that Gannett's indemnification and contribution claims are without merit and should be dismissed.

### Third Defense
Neither Gannett nor Falmouth engaged in any wrongdoing; therefore, Plaintiff's claims are without merit and warrant the application of neither indemnification nor contribution.

### Fourth Defense
Falmouth states that Plaintiff's claim is untimely in that it was filed outside the applicable statute of limitations.

### Fifth Defense
Falmouth states that it cannot be held vicariously liable for the intentional actions of its employees.

### Sixth Defense
Falmouth states that its actions and conduct were performed according to and protected by law and/or legal process, and therefore, Plaintiff cannot prevail

### Seventh Defense
Falmouth states that Gannett's claim to contribution and indemnification is no stronger than Plaintiff's claim to damages; therefore, Gannett has no right to recovery for the reasons set out in Falmouth's defenses in **Defendant Town of Falmouth's First Amended Answer with Jury Claim** (which affirmative defenses are incorporated herein by reference).

### Eighth Defense
The intellectual property at issue constitutes a work for hire owned by Falmouth.

### Ninth Defense
Falmouth states that Gannett cannot recover due to the equitable doctrine of laches.

### Tenth Defense
Falmouth states that it cannot be held accountable for the attestations of William Owen because he lacked standing or authority to make the attestations upon which Gannett relies. McAndrew v. School Committee of Cambridge, 20 Mass.App.Ct. 356 (1985).

### Eleventh Defense
Falmouth states that it had an implied license regarding the intellectual property at issue.

### Twelfth Defense
Falmouth states that its use of the intellectual property at issue was no more than fair use.

### Thirteenth Defense
Falmouth states that it is not responsible for Gannett's intentional conduct.

### Fourteenth Defense
Falmouth states that it retained Gannett as an independent contractor and maintained minimal control over Gannett's actions; therefore, Gannett is responsible for its own actions and ramifications thereof.

### Jury Demand

Falmouth demands a jury on all counts so triable.

>The Defendant,
>TOWN OF FALMOUTH,
>By its attorneys,
>
>**PIERCE, DAVIS & PERRITANO, LLP**
>
>_/s/ John J. Davis_
>John J. Davis, BBO #115890
>Daniel G. Skip, BBO #629784
>Ten Winthrop Square
>Boston, MA 02110
>(617) 350-0950

Dated: October 19, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 10-19-04