UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS FILED
EASTERN DIVISION CLERKS OFFICE

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
Plaintiff

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
Defendants

DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF'S OPPOSITION TO DEFENDANT GANNET FLEMING'S MOTION TO DISMISS THE CHAPTER 93A COUNT AGAINST IT

Now comes the plaintiff in the above-captioned action and hereby opposes the defendant Gannett Flemming, Inc.'s, motion to dismiss.

### I. STANDARD OF REVIEW

"Dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is generally inappropriate unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957). Th[e District] Court must take all the allegations as admitted and must liberally construe all inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed.2d 90 (1974)." Colby v. Hologic, Inc., 817 F. Supp. 204, 209 (D. Mass. 1993).

A complaint need not point to the appropriate statute or law to state a claim for relief. A complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations. Morales-Vallellanes v. Potter, 339 F.3d 9, 13 (1st Cir. 2003) (quoting Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir.1992)).

A plaintiff is not required to recite detailed evidence in support of his or her claim. Gorski v. New Hampshire Dept. of Corrections, 290 F.3d 466, 474 (1st Cir. 2002).

## II. FACTUAL ALLEGATIONS

In this action, the plaintiff alleges that the defendant Gannett Fleming, Inc., has received the plaintiff's copyright protected architectural drawings and prepared similar and derivative drawings that it marked with its own name, and in so doing has claimed the plaintiff's work to be its own. The drawings bearing the defendant's name have been provided to the Town of Falmouth and will be employed in the construction of the Town of Falmouth public works facility. Complaint for Copyright Infringement and Demand for Trial by Jury, ¶¶ 9, 10, 13, 16, 17, 21 & 22. [1]

Fair inferences from the complaint [2] are that plaintiff's work, now marked with the defendant's name, are or will be made a public record and that such inaccurately marked drawings will be displayed publically during construction of the public works facility or at least the architect creating the drawings will be identified at the site during construction. The inaccurately marked drawing will be distributed to those involved in construction. Any favorable publicity related to this pubic construction project will benefit the defendant, though the plaintiff's work will be responsible.

---

[1] See Gannett Fleming's Cross-Claim Against Falmouth, ¶ 4: "Gannett Fleming and Falmouth also have a special relationship as to this particular project, based upon Gannett Fleming's reliance on Falmouth's provision of Plaintiff's plans and on statements that Plaintiff's plans should be reviewed in making new plans for the subject job . . . ." See also Exhibit A to defendant's cross-claim, acknowledging that in 2002 it received notice from plaintiff "expressly reserving all right in the plans previously prepared for the Town of Falmouth for this project and expressly prohibit[ing] any unauthorized use of said plans . . . ."

[2] Note that paragraph 27 of the plaintiff's complaint, upon which the defendant relies, states: "The acts of the defendant, including but not limited to those set forth above, constitute unfair or deceptive acts or practices while engaged in trade or commerce" (emphasis supplied). As explained above, to the extent the complaint relies upon the language "unfair and deceptive," rather than "unfair methods of competition," such is not fatal.

## III. ARGUMENT

The plaintiff has stated a state law claim of unfair competition, prohibited by Massachusetts

General Laws, chapter 93A, § 2 ("Unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce are hereby declared unlawful.").

Much of what is said in <u>John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.</u>, 186

F. Supp. 2d 1, 26 - 27 (D. Mass. 2002) aff'd on other grounds, 322 F. 3d 26 (1st Cir. 2003), confirms

that the plaintiff has stated a claim in state law unfair competition that is not preempted:

> Danielson also seeks relief under the Lanham Act, 15 U.S.C. § 1125, which creates
> a cause of action against "[a]ny person who . . . uses in commerce . . . any false
> designation of origin . . . which is likely to cause confusion, or to cause mistake, or
> to deceive as to . . . the origin" of the goods. <u>Id</u>. § 1125(a).  [3]  The garden variety
> "false designation of origin" claim involves an allegation that the defendant is using
> a mark, such as a trademark, that is so similar to the plaintiff's that the public is
> likely to confuse the plaintiff's and defendant's goods or services. In such a case, the
> defendant capitalizes illegally upon plaintiff's reputation or goodwill among
> consumers.

> This is a slightly different case. It is very similar to the Sixth Circuit's decision in
> <u>Johnson v. Jones</u>, 149 F.3d 494 (6th Cir.1998). There, the plaintiff alleged that
> defendant, a competing architect, copied plaintiff's drawings, removed plaintiff's
> name and seal, and replaced them with his own name and seal. <u>Id</u>. at 499. In
> affirming the district court's finding that the defendant was liable under the Lanham
> Act, the court observed:

>> [The present case is slightly different from the run-of-the mill
>> Lanham Act case, and, as it happens, much simpler.] Here, the
>> defendant has not produced a product to which he has applied a mark
>> so like the plaintiff's that the public is likely to believe that the
>> product was produced by the plaintiff. Rather, the defendant has taken
>> the plaintiff's product and has represented it to be his own work. It is

---

[3] The quoted statutory language is said to express the "unfair competition provision" of the Lanham
Act. <u>Aktiebolaget Electrolux v. Armatron Intern., Inc.</u>, 999 F.2d 1, 2 n. 1(1st Cir. 1993). <u>See</u>
<u>Scholastic, Inc. v. Stouffer</u>, 124 F. Supp. 2d 836, 842 n. 5 (S.D.N.Y. 2000) (quoted language "is
considered the embodiment of the federal law of unfair competition"). This characterization may
have been limited in the United States Supreme Court decision in <u>Dastar Corp. v. Twentieth Century
Fox Film Corp.</u>, 539 U.S. 23, 29, 123 S. Ct. 2041, 2045, 156 L. Ed. 2d 18 (2003).

> difficult to imagine how a designation of origin of a product could be more false, or could be more likely to cause confusion or mistake as to the actual origin of the product . . . .
>
> Furthermore, it is obvious beyond dispute that by taking [plaintiff's] name and seal off of the plans and replacing them with his own, [defendant] intended for people to assume that the plans were his, and not [plaintiff's]. Indeed, this Court is hard-pressed to imagine what effect these actions could possibly have other than to convince anyone who looked at the plans that they were [defendant's] work. Few are the cases demonstrating a more obvious and imminent likelihood of confusion. Id. at 503.

While the Lanham Act prohibits unfair competition in interstate commerce, Massachusetts General Laws, chapter 93A, prohibits unfair competition in intrastate commerce, and neither is preempted. See Warner Bros. Inc. v. American Broadcasting Cos. 720 F.2d 231, 247 (2nd Cir. 1983) ("to the extent that plaintiffs are relying on state unfair competition law to allege a tort of "passing off," they are not asserting rights equivalent to those protected by copyright and therefore do not encounter preemption.") (citing 1 NIMMER ON COPYRIGHT §§ 1.01[B][1] n. 47, 2.12 n. 25 (1983)) and Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 847 (S.D.N.Y. 2000) ("reverse passing off claim" not preempted). [4]

In John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F. 3d 26, 46 (1st Cir. 2003), the First Circuit recognized that favorable business exposure lost due to another's copying of an architect's drawings are compensable and are not preempted, though in that case the court concluded such evidence was lacking:

---

[4] The Scholastic court quoted the following legislative history: H.R.Rep. No. 1476, 94th Cong., 2d Sess. 132 (1976): "Section 301 is not intended to preempt common law protection in cases involving activities such as false labeling, fraudulent representation, and passing off even where the subject matter involved comes within the scope of the copyright statute." Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 847 (S.D.N.Y. 2000).

Danielson notes that others who came in contact with the drawings would have been misled about its origins as well. Since exposure to subcontractors, planning officials, and the like would be good for business, one might expect that Danielson lost an opportunity to enhance its professional reputation. See Johnson, 149 F.3d at 502 (reverse passing off found where defendant replaced plaintiff's logo with its own on architectural drawings and circulated them), quoted in Danielson, 186 F. Supp. 2d at 27; cf. Attia v. Soc'y of N.Y. Hosp., 201 F.3d 50, 58-60 (2d Cir.1999) (considering similar claim and rejecting it because plan at issue was too general to be protectable). Here, however, Danielson did nothing whatsoever at trial to show how the misattribution might have cost it other potential work . . . .

Perhaps the meager showing[] of . . . harm that Danielson did offer might have been enough to justify nonmonetary relief in a different case. See Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 311 (1st Cir.2002) (under Lanham Act, "a plaintiff seeking damages must show actual harm to its business"); Web Printing Controls Co. v. Oxy-Dry Corp., 906 F.2d 1202, 1204 (7th Cir.1990) (reversing dismissal of claim for failure to show harm when injunctive relief was requested). Here, however, Danielson claimed only money damages and failed to carry its burden of proof . . . . [5]

Contrary to the defendant's assertion, the First Circuit's decision in Danielson does not stand for the proposition that a claim under Massachusetts General Laws, chapter 93A, based upon copying, is preempted. Instead, the First Circuit affirmed the district court's entry of summary judgment against Danielson, because Danielson failed to oppose the summary judgment motion. See id. at 45 ("Danielson essentially conceded in its briefs to us that it advanced only cursory legal arguments against preemption at the time of summary judgment. The behavior on which Danielson based its state-law claim is the same behavior that Danielson alleged gave rise to copyright liability. The state claim is therefore preempted.") Because, at the summary judgment stage, Danielson failed to make any demonstration that its claim went beyond mere copying, it was preempted, because its pleading did nothing more than refer to a copyright violation. [6] The decision does not stand for the

---

[5] In the action before this court, many of the plaintiff's prayers for relief request nonmonetary relief.

[6] The District Court described the chapter 93A allegations as follows: "Danielson's complaint states as its basis for relief under Chapter 93A only that Winchester-Willows's "violations were knowing and willful," Am.Compl. ¶ 107, and that "[a]s a result of [Winchester-Willows's] unfair and

proposition that chapter 93A is always preempted or that such a determination is appropriate at the motion-to-dismiss stage of the proceedings, and the case is distinguishable from the present case. Even the sole authority on which the defendant relies, Innovative Networks, Inc. v. Satellite Airlines Ticketing Centers, Inc., 871 F. Supp. 709 (S.D.N.Y. 1995), recognizes this point: at page 731 n. 21 that court states, "the Court notes that a state unfair competition claim based upon 'passing off' is not preempted by federal copyright law."

Further, the plaintiff has stated a claim of unfair practices that is not equivalent to the copyright act. The plaintiff's complaint alleges that the defendant knowingly copied the plaintiff's drawings under circumstances such that, should the plaintiff seek to enforce his rights, he would be required to litigate against the town where his home and business are located, potentially interfering with a public project, with potentially adverse personal and business consequences.[7] The defendant sought to leverage this circumstance, and such is, or at least may be, unfair. See Glickman v. Brown, 21 Mass. App. Ct. 229, 234 (1985) (act is unfair or deceptive if it is "'within any recognized conception of unfairness' or 'causes substantial injury to consumers or competitors or other businessmen'") (quoting PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975)). "Whether a given practice is unfair or deceptive under G.L. c. 93A must be determined from the circumstances of each case." Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726

---

deceptive acts and practices, [Winchester-Willows] have realized great economic benefit and Plaintiff has suffered great economic loss and damage," id. ¶ 108 . . . . This, without more, is not enough to allow Danielson's 93A claim to survive preemption. Although the Court offers no opinion on whether 93A claims may in certain instances survive preemption, the Court does hold that, on the facts of this case, Danielson has failed to offer any reason why its rights under Chapter 93A are not equivalent to its rights under the Copyright Act." John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 186 F. Supp. 2d 1, 29 (D. Mass. 2002).

[7] To some extent, the defendant recognizes the plaintiff's predicament at its affirmative defense numbered 5: "The plaintiff is not entitled to injunctive relief in this case because it would not be in the public interest to block the construction project at its current stage."

(1979). Generally, whether alleged conduct amounts to an unfair act is not appropriately determined by way of a motion to dismiss. <u>Spence v. Boston Edison Co.</u>, 390 Mass. 604, 615- 616 (1983).

## IV. CONCLUSION

For all the reasons set forth herein, the plaintiff respectfully requests that this Court deny the defendant's motion to dismiss.

Respectfully submitted,
the plaintiff
Noah Greenberg,
by his attorney,

Richard M. Russell, Esquire
Heritage Place Condominium
205 Worcester Court
Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997
Dated: October 25, 2004

**Certificate of Service**

I, Richard M. Russell, hereby certify that I this day made service of the within document by mailing a true photocopy of same, first class mail, postage prepaid, to counsel of record for the Town of Falmouth, John Davis, Esquire, Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, Massachusetts 02110, and counsel of record for Gannett Fleming, Inc., Paul Michienzie, Esquire, Michienzie & Sawin, LLC, 745 Boylston Street, 5th Floor, Boston, Massachusetts 02116.

Richard M. Russell

Dated: October 25, 2004