UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOAH GREENBERG,<br>　　Plaintiff,<br><br>v.<br><br>GANNETT FLEMING, INC.,<br>　　Defendant/<br>　　Cross-Claim Plaintiff,<br>and<br>TOWN OF FALMOUTH<br>　　Defendant/<br>　　Cross-Claim Defendant. | C.A. NO. 04-11934GAO |

## MEMORANDUM OF REASONS SUPPORTING DEFENDANT TOWN OF FALMOUTH'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS

### Introduction

Defendant Town of Falmouth ("Falmouth") moves this Court to grant it summary judgment on both of the Counts Plaintiff brought against it: Count I (copyright infringement) and Count II (request for injunctive relief). This matter stems from an alleged copyright infringement effected by Falmouth as to Plaintiff's architectural drawings.

### Facts[1]

Pursuant to a 1993 Request for Proposals for Architectural Services for renovations to a town building, Plaintiff submitted an architectural design consisting of plans and elevations ("Plaintiff's Design" or "Design").[2] Work on the municipal project was delayed (for unrelated reasons) until

---

[1] Falmouth admits the truth of the facts alleged herein only for the purposes of its summary judgment motion. Falmouth does not intend for its reliance on Plaintiff's allegations to be interpreted as admissions as to the truth of those allegations.

[2] Complaint, ¶¶ 11 and 12, attached as Exhibit 1 to **Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claim.**

2001.[3] On May 30, 2001, Falmouth advertised in the Central Register a Request for Qualifications for Architectural Design Services.[4] Said Request for Qualifications for Architectural Design Services included reproductions of Plaintiff's Design.[5] In a letter to William Owens (Falmouth Director of Public Works) dated June 18, 2001, Plaintiff claims that this was a violation of his copyright interest in the Design.[6]

## Argument

I. **Summary Judgment Should Be Granted Because There Are No Genuine Issues of Material Fact and Andover-School Is Entitled to Judgment as a Matter of Law.**

Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To avoid summary judgment, the plaintiff must establish the existence of every element essential to the case on which the plaintiff will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Simas v. First Citizen's Federal Credit Union, 1999

---

[3] Complaint, ¶ 14.

[4] Complaint, ¶ 15; Affidavit of William Owen (with letter from Plaintiff), ¶ 2, attached as Exhibit 2 to **Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claims.**

[5] Complaint, ¶ 16.

[6] Complaint, ¶ 16; Owen Aff 3.

WL 115164 (1st Cir. 1999). "Summary judgment may be warranted . . . where the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Santiago v. Canon, U.S.A., Inc., 138 F.3d 1, 5 (1st Cir. 1998). A Court cannot accept the non-movant's subjective characterizations of events, unless the underlying events themselves are revealed. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (stating summary judgment opponent "must do more than show that there is some metaphysical doubt as to the material facts"). Instead, plaintiff must present definite, competent evidence in order to survive the Motion.

### III. Summary Judgment must Be Granted in Falmouth's Favor Because Plaintiffs' Claims under 17 U.S.C. § 501, et seq. must Fail by Law.

Plaintiff's Counts purport to state a claim against Andover under 17 U.S.C., § 501, *et seq.* for copyright infringement. 17 U.S.C.A. § 507(b) reads: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

In order to prove a count of infringement, Plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir.1995) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). In this case, Plaintiff claims a proprietary interest in the Design and further claims that Falmouth copied (and published) that Design on May 30, 2001. The very latest Plaintiff learned of Falmouth's actions was June 18, 2001, the date he sent the letter to Mr. Owen complaining of Falmouth's actions.

Based on the foregoing, Plaintiff's copyright claim against Falmouth expired on June 18, 2004. Plaintiff filed suit on September 3, 2004. Therefore, his claims against Falmouth have expired and should be dismissed.

### Request for Oral Argument

Falmouth requests an oral argument for its motion.

The Defendant,
TOWN OF FALMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: November 2, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by ___Mail___ in compliance with M.R.C.P. on __11-4-04__.

_____