UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
Plaintiff

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
Defendants

# PLAINTIFF'S OPPOSITION TO DEFENDANT TOWN OF FALMOUTH'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The plaintiff in the above-captioned action, Noah Greenberg, submits this opposition to the defendant Town of Falmouth's motion for summary judgment.

In its motion, the defendant makes an eight-sentence argument that the plaintiff's copyright claim is barred by the applicable statute of limitations, precluding the plaintiff's claims for legal and equitable relief as set forth at counts one and two of the plaintiff's complaint.

As is more fully set forth herein, while the plaintiff's copyright has existed since 1998 and some of the defendant's de minimis infringing activities occurred more than three years prior to the commencement of this action, the infringing activities of which the plaintiff complains occurred withing three years of the commencement of this action and those claims are not barred by the statute of limitations. Boothroyd Dewhurst, Inc. v. Poli, 783 F. Supp. 670, 693 - 694 (D. Mass. 1991).

## II. THE POSTURE OF THE DEFENDANT'S MOTION

The defendant's <u>Memorandum of Reasons Supporting Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claims</u> sets forth in only five sentences the facts claimed to support its motion. All five sentences cite the plaintiff's complaint as a record reference, while one also includes a cite to a five sentence affidavit submitted with the motion.[1] The plaintiff does not contest these brief facts, though does contend that additional facts are necessary for the Court's determination of this motion, as set forth <u>infra</u> at part III. Factual Allegations.

In considering the defendant's motion, it is important to note that the defendant does not contest the following:

- that the plaintiff possesses a valid copyright in architectural drawings

- that the Town of Falmouth circulated the plaintiff's copyright protected drawings to others, particularly defendant Gannett Fleming, Inc.

- that Gannett Fleming, Inc., prepared infringing derivative drawings from the plaintiff's copyright protected drawings

- that the Town of Falmouth encouraged the preparation of infringing derivative drawings by providing copies of the plaintiff's drawings, instructing that the plaintiff's drawings be consulted in preparing derivative drawings, and agreeing to indemnify Gannett Fleming, Inc., for any damages it may incur as a result of these infringing activities

- that the infringing derivative works were created within three years of the commencement of the plaintiff's action

---

[1] Not including two sentences reflecting the affiant's age and affirmation as to personal knowledge of the facts alleged.

2

- that the Town of Falmouth possesses duplicate originals or reproductions of the infringing derivative drawings

The defendant's entire argument is that it committed one act of infringement more than three years ago, by reproducing the plaintiff's drawings, and that that act isolates it from liability for any further acts of infringement, namely, contributing to a further and separate infringement in the preparation of derivative drawings and possessing those infringing drawings.

The defendant's motion presents the legal question: does one act of infringement permit the infringer to commit additional acts of infringement with impunity, even if those additional acts are committed within the limitations period.

Because the defendant has not sought to establish any factual dispute as to the merits of the plaintiff's claims, but instead seeks to prevail only on an affirmative defense, and because no discovery has been conducted, the defendant's motion having been filed roughly two months after the plaintiff's complaint was filed, [2] this opposition addresses only the legal issue presented and does not seek to set forth evidence of every element necessary to prevail, the defendant having made no contrary presentation set as required by Fed. R. Civ. P. 56 and Local Rule 56.1, nor permitted discovery for such purpose. [3]

---

[2] By its terms (referencing "depositions, answers to interrogatories, and admissions"), rule 56 contemplates that discovery has been completed.

[3] The plaintiff disputes the defendant's proposition that "[t]o avoid summary judgment, the plaintiff must establish the existence of every element essential to the case on which the plaintiff will bear the burden of proof." Memorandum of Reasons Supporting Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claims, page 2. Instead, ordinarily the plaintiff need only establish evidence on which a reasonable fact finder might rely in finding for the plaintiff, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986), and need not satisfy the higher burden of establishing the existence of the claim. Further, such a burden is only imposed upon a plaintiff after the defendant has made a motion "supported as provided in this rule." Fed. R. Civ. P. 56(e). In its motion, the defendant has not made any effort to dispel the plaintiff's claims or evidence, the posture of the typical motion and as to which the defendant's authorities speak, but instead contends that its

3

## III. FACTUAL ALLEGATIONS

1. The plaintiff prepared architectural drawings in 1998 in which he obtained copyright protection. <u>Complaint for Copyright Infringement and Demand for Trial by Jury</u>, ¶¶ 9 - 10, 13, and Exhibit 1 and Exhibit 2.

2. In 2001, the defendant Town of Falmouth attached reproductions of the plaintiff's copyright protected drawings to a request for qualifications for architectural design services. <u>Complaint for Copyright Infringement and Demand for Trial by Jury</u>, ¶ 16; <u>Memorandum of Reasons Supporting Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claims</u>, text corresponding to note 5.

3. The reproduced plans were circulated to, among others, the defendant Gannett Fleming, Inc. See <u>Answer by Defendant Gannett Fleming, to Complaint for Copyright Infringement, and Cross-Claim Against Co-Defendant, The Town of Falmouth</u>, Cross-Claim ¶ 4 ("Gannett Fleming and Falmouth also have a special relationship as to this particular project, based on Gannett Fleming's reliance on Falmouth's provision of Plaintiff's plans . . .").

4. The Town of Falmouth encouraged that the plaintiff's drawings be consulted in preparing derivative drawings. See <u>Answer by Defendant Gannett Fleming, to Complaint for Copyright Infringement, and Cross-Claim Against Co-Defendant, The Town of Falmouth</u>, Cross-Claim ¶ 4 ("Gannett Fleming and Falmouth also have a special relationship as to this particular project, based on . . . Falmouth's . . . statements that Plaintiff's plans should be reviewed in making new plans for the subject job . . .").

---

affirmative defense prevails. The plaintiff will here respond to the defendant's legal argument relative to the affirmative defense.

5. The defendant Gannett Fleming, Inc., based upon the defendant Town of Falmouth's instruction, prepared infringing derivative drawings from the plaintiff's drawings. <u>Complaint for Copyright Infringement and Demand for Trial by Jury</u>, ¶ 17.

6. The Town of Falmouth agreed to indemnify Gannett Fleming, Inc., for any liability that may result from Gannett Fleming, Inc.'s, employment of the plaintiff's drawings in preparing derivative drawings. <u>Answer by Defendant Gannett Fleming, to Complaint for Copyright Infringement, and Cross-Claim Against Co-Defendant, The Town of Falmouth</u>, Cross-Claim ¶ 3 and corresponding Exhibit A.

7. A reasonable inference from the fact that the Town of Falmouth requested and obtained design services is that the Town of Falmouth currently possesses duplicate originals or reproductions of the infringing derivative drawings. <u>See</u> also <u>Complaint for Copyright Infringement and Demand for Trial by Jury</u>, ¶ 21 (defendants are attempting construction with infringing drawings).

8. Both defendants were early put on notice of the plaintiff's reservation of rights in his drawings. <u>Defendant Town of Falmouth's Motion for Summary Judgment of Plaintiff's Claims</u>, Affidavit of William B. Owen, attachment to affidavit, and <u>Answer by Defendant Gannett Fleming, to Complaint for Copyright Infringement, and Cross-Claim Against Co-Defendant, The Town of Falmouth</u>, Cross-Claim ¶ 3 and corresponding Exhibit A.

While in its motion the town seeks to limit the plaintiff's claim to the town's wrongful reproduction of the plaintiff's drawings, Count I of the plaintiff's complaint, entitled Infringement of Copyright, discusses the entire process by which the town circulated copies and thereafter knowingly and intentionally participated in and encouraged the creation of infringing derivative drawings, and Count II, entitled Request for Injunctive Relief, discusses the town's further acceptance of those drawings in anticipation of their use in construction. The infringement claim is

not limited to wrongful reproduction but expressly includes participation in the wrongful preparation of derivative drawings. Defendant Gannett Fleming, Inc.'s, pleadings are consistent with the plaintiff's pleadings (as to use of the plaintiff's drawings) and further elaborate on the town's wrongful actions in relation to the plaintiff's rights.[4]

## IV. ARGUMENT

### A. THE TOWN OF FALMOUTH HAS FAILED TO ESTABLISH THAT THE UNDISPUTED FACTS ENTITLE IT TO JUDGMENT AS A MATTER OF LAW

#### 1. THE TOWN IS LIABLE AS A DIRECT INFRINGER, A CONTRIBUTORY INFRINGER, AND AS A PARTY IN POSSESSION OF INFRINGING MATERIALS

The Copyright Act, at 17 U.S.C. § 106, grants to a copyright author the following rights:

- the right to reproduce the work (the "reproduction right")
- the right to prepare derivative works (the "adaption" right)
- the right to distribute copies of the work to the public by sale or rental (the "distribution" right).

"[T]he rights granted by section 106 are separate and distinct, and are severable from one another." <u>Columbia Pictures Industries, Inc. v. Redd Horne, Inc.</u>, 749 F.2d 154, 159 (3rd Cir. 1984).

The right of adaptation is the right to alter or expand the original work and applies to copyright protected architectural drawings. <u>Curtis v. Benson</u>, 959 F. Supp. 348, 352 (E.D. La. 1997);

---

[4] If the defendant had any question as to the extent of the plaintiff's claim(s), the same was resolved in multiple correspondence exchanged pursuant to Local Rule 7.1, true copies of which are attached hereto. Further, any misapprehension is the result of the defendant's haste to file its motion without awaiting any discovery whatsoever. Though the defendant was plainly made aware of the plaintiff's claim, it chose not to address the claim, but instead attempts to characterize the claim to its liking.

Arthur Rutenberg Homes, Inc. v. Maloney, 891 F. Supp. 1560, 1564 (M.D. Fla.1995). [5]

In the present action, the reasonable inferences from the uncontested facts are that the Town of Falmouth commissioned the infringement that occurred when derivative drawings were prepared, that it did so in relation to its own anticipated construction activities, and that it currently possesses duplicate originals or reproductions of those infringing derivative drawings.

**Direct Infringement**: "All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers." Sygma Photo News, Inc. v. High Society Magazine, Inc., 778 F.2d 89, 92 (2nd Cir. 1985). See Arthur Rutenberg Homes, Inc. v. Maloney, 891 F. Supp. 1560, 1568 (M.D. Fla. 1995) (homeowner who participates in infringement for own benefit is a "direct infringer"). Given the town's participation in the infringing derivative drawings, the town is a direct infringer with respect to the derivative drawings.

**Contributory Infringement**: "The acknowledged standard for imposing contributory liability was articulated by the Second Circuit in Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159 (2nd Cir. 1971): [O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer. 443 F.2d at 1162. This statement of the test for contributory liability has been widely followed. See, e.g., Casella v. Morris, 820 F.2d 362, 365 (11th Cir.1987);

---

[5] The Notes of Committee on Judiciary corresponding to section 106 explain the following: "To be an infringement the 'derivative work' must be 'based upon the copyrighted work,' and the definition in section 101... refers to '... any ... form in which a work may be recast, transformed, or adapted.' Thus, to constitute a violation of section 106(2) ... the infringing work must incorporate a portion of the copyrighted work in some form...." See Atari, Inc. v. North American Philips Consumer Electric Corp., 672 F.2d 607, 618 n. 12 (7th Cir.), cert. denied, 459 U.S. 880 (1982) ("An author has the exclusive right to produce derivative works based on the original work, 17 U.S.C. § 102(2), and that right often can be more valuable than the right to the original work itself.").

7

<u>Demetriades v. Kaufmann</u>, 690 F. Supp. 289, 294 (S.D.N.Y.1988)." <u>Polygram International Publishing, Inc. v. Nevada/TIG, Inc.</u>, 855 F. Supp. 1314, 1333 - 1334 (D. Mass. 1994).

The conduct of the Town of Falmouth fits neatly within the elements of contributory infringement: with knowledge of the plaintiff's reservation of rights, the Town of Falmouth "materially contribute[d] to the infringing conduct of another" by instructing another to consult the plaintiff's drawings in the preparation of derivative drawings and by agreeing to indemnify those preparing derivative drawings.

## 2. THE TOWN OF FALMOUTH'S INFRINGING ACTS OCCURRED WITHIN THE STATUTE OF LIMITATIONS

As the defendant rightly contends, a civil action for copyright violation must be "commenced within three years after the claim accrued." 17. U.S.C. § 507(b).

"Each act of infringement is a distinct harm giving rise to an independent claim for relief." <u>Stone v. Williams</u>, 970 F.2d 1043, 1049 (2nd Cir 1992). A "party does not waive the right to sue for [copyright] infringements that accrue within three years of filing by not asserting related claims that accrued beyond three years." <u>Lyons Partnership, L.P. v. Morris Costumes, Inc.</u>, 243 F.3d 789, 797 (4th Cir. 2001) (brackets in original, internal quotations marks and citations omitted). If any act of "infringement occurred within three years prior to the filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." <u>Lennon v. Seaman</u>, 63 F. Supp. 2d 428, 443 (S.D.N.Y. 1999) (citing 3 NIMMER ON COPYRIGHT, § 12.05[A]). Applying these principles, in <u>Boothroyd Dewhurst, Inc. v. Poli</u>, 783 F. Supp. 670, 693 - 694 (D. Mass. 1991), a magistrate judge, whose finding the Court adopted, stated the following: "Plaintiff has identified several . . . derivative works . . . fall[ing] within the statutes's three-year limitations period[. P]laintiff has met its burden of coming forward with facts of record from which a reasonable fact finder could infer that [defendant's] accused works

began infringing on plaintiff's copyright [outside of the limitations period but] have continued to do so until the filing of the suit.".

In the present action, the date the plaintiff's claim accrued is the date the plaintiff became aware (or should have become aware) that derivative works had been prepared, not the date on which the defendant circulated reproductions of the plaintiff's drawings. In its motion, however, the town addresses only its act of infringement relative to its wrongful reproduction of the plaintiff's drawings and makes no showing whatsoever as to the accrual of the cause of action for infringement by preparing derivative works, a separate wrong separately accruing. Based upon the record in its present form, this event occurred within the limitations period.

## 3. EQUITABLE RELIEF IS AVAILABLE EVEN ABSENT AN INFRINGEMENT WITHIN THE LIMITATIONS PERIOD

Count II of the plaintiff's complaint requests equitable relief.

The Copyright Act provides that injunctive relief is available to prevent copyright infringement, including impoundment and destruction of infringing materials. 17 U.S.C. §§ 502, 503. As a party in possession of infringing materials, the Town of Falmouth is subject to equitable relief in the form of an order that the materials be surrendered or destroyed. See for instance, 17 U.S.C. § 503 ("As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . .") (emphasis supplied). Such equitable relief is not limited to those to have committed a copyright violation (an infringer as defined in section 501) and by its terms, by subjecting "all" copies to the court's jurisdiction, extends to those in possession of infringing materials, to prevent further infringements. Compare Austin v. Steiner, 207 F. Supp 776, 780 (D. Ill. 1962) ("Plaintiff's infringement action having failed, she is not entitled to damages. She is entitled

to a permanent injunction against infringement by the defendants of her copyrights . . . [and] to receive from defendant any copies . . . which came into his possession . . .").

The plaintiff's claim for equitable relief is not barred.

## IV. CONCLUSION

In its motion, the Town of Falmouth has taken the position that any copyright violation, if outside the limitations period, grants to the violator license to commit any and all later violations, effectively granting the violator an equal copyright in the subject copyright-protected items. The defendant's theory, were it accurate, would burden every copyright holder with the need to commence litigation on the occasion of any infringement, no matter how insignificant, lest copyright protection be lost. This theory would, in effect, grant copyrights to non-originators based upon their wrongful conduct. The defendant's theory is inconsistent with the entire theme of copyright law, granting to originators exclusive rights in their works. Tellingly, the defendant has not cited even one authority in support of its position. [6]

---

[6] See Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001) ("This well established rule recognizes that the statute of limitations does not shield the defendant from liability for wrongful acts actually committed during the limitations period.") and Stone v. Williams, 970 F.2d 1043, 1051 (2nd Cir 1992) (that plaintiff could have brought suit earlier does not bar later suit for wrongs committed within limitations period).

For all the reasons set forth herein, the plaintiff respectfully requests that this Court deny the defendant's motion for summary judgment.

> Respectfully submitted,
> the plaintiff,
> Noah Greenberg,
> by his attorney,
>
> _____
> Richard M. Russell, Esquire
> Heritage Place Condominium
> 205 Worcester Court
> Unit B 2
> Falmouth, Massachusetts 02540
> Telephone No. 508.457.7557
> BBO No. 561997
> Dated: November 15, 2004

---

**Certificate of Service**

I, Richard M. Russell, hereby certify that I this day made service of the within document by mailing a true photocopy of same, first class mail, postage prepaid, to counsel of record for the Town of Falmouth, John Davis, Esquire, Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, Massachusetts 02110, and counsel of record for Gannett Fleming, Inc., Paul Michienzie, Esquire, Michienzie & Sawin, LLC, 745 Boylston Street, 5th Floor, Boston, Massachusetts 02116.

_____
Richard M. Russell

Dated: November 15, 2004

---

# PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

| | | |
|---|---|---|
| Joel F. Pierce<br>John J. Davis *<br>Judith A. Perritano<br>John J. Cloherty III *<br><br>Of counsel:<br>Gerald Fabiano | TEN WINTHROP SQUARE<br>BOSTON, MA 02110-1257<br><br>TELEPHONE (617) 350-0950<br>FACSIMILE (617) 350-7760 | Brian D. Carlson †<br>James M. Dunn ♦<br>Meredith P. Freed<br>David C. Hunter †<br>Danielle T. Jenkins *<br>Robert S. Ludlum †●<br>Maureen L. Pomeroy<br>Daniel G. Skrip ♦<br><br>* also admitted in RI<br>♦ also admitted in PA<br>† also admitted in NY<br>● also admitted in CT |

Daniel G. Skrip
extension 109
dskrip@piercedavis.com

November 3, 2004

**Via Facsimile**

Attorney Christopher S. Finnerty
P.O. Box 459
Cataumet, MA 02534

Attorney Richard M. Russell
Heritage Place Common
205 Worcester Court, Unit B 2
Falmouth, MA

Re:   *Noah Greenberg v. Town of Falmouth, et al.*

Dear Counsel:

Pursuant to Local Rule 7.1, kindly consider this letter an attempt to narrow the issues that will be raised in **Defendant Town of Falmouth's Motion for Summary Judgment on Plaintiff's Claims**. Therein, we will argue that your client's claims are stale given the applicable statute of limitations.

If I do not hear from you by noon on Friday, November 5, I will assume you will not assent to dismissing your client's claims.

Very truly yours,

PIERCE, DAVIS & PERRITANO, LLP

Daniel G. Skrip

DGS:dt

LAW OFFICE
OF

# RICHARD M. RUSSELL
A PROFESSIONAL CORPORATION
205 WORCESTER COURT • UNIT B 2
FALMOUTH, MASSACHUSETTS 02540

November 4, 2004

Daniel G. Skrip, Esquire
Pierce, Davis & Perritano, LLP
10 Winthrop Square
Boston, Massachusetts 02110

Re:  Greenberg v. Town of Falmouth, et al.
     United States District Court for the District of Massachusetts
     Civil Action No.: 04-11934GAO

## BY FACSIMILE TRANSMISSION AND FIRST CLASS MAIL

Dear Mr. Skrip:

I have received your facsimile transmission of late November 3, 2004.

Please be aware that Mr. Greenberg expects to seek to amend his complaint to allege that the Town of Falmouth has committed a contributory infringement of the right to prepare derivative works. If the town will proceed with a motion for summary judgment before the motion to amend is filed, the town should consider this notice that the plaintiff alleges such a claim. Mr. Greenberg does not believe that under the notice pleading rules an amendment is necessary and intended to amend only to facilitate the further proceedings. If the town should proceed with a motion for summary judgment, Mr. Greenberg may seek leave to conduct discovery pursuant to F. R. Civ. P. 56(f) and leave to amend. Nothing herein should be taken to limit Mr. Greenberg's arguments in opposition to the motion for summary judgment.

Further, nothing in this response should be deemed an assent to the rule 7.1 procedure the town has employed, in particular, that a failure to respond to a facsimile transmission in the very few hours permitted in the town's notice may be deemed as any position by the recipient.

Pursuant to local rule 7.1, please advise whether Mr. Greenberg's motion to amend will be opposed.

Sincerely,

*/s/ Richard M. Russell*

Richard M. Russell
RMR|mag
att:
by facsimile: 617.350.7760

**NOTICE OF CONFIDENTIALITY**

This document is intended only for the use of the person to whom it is addressed. It may contain information that is privileged or confidential. If you are not the intended recipient of this document, any distribution, copying, or other use of this document is strictly prohibited. If you have received this communication in error, please notify this office by telephone to arrange for the return or destruction of the original at no cost to you.

# PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

| | | |
|---|---|---|
| Joel F. Pierce<br>John J. Davis *<br>Judith A. Perritano<br>John J. Cloherty III *<br><br>Of counsel:<br>Gerald Fabiano | TEN WINTHROP SQUARE<br>BOSTON, MA 02110-1257<br><br>TELEPHONE (617) 350-0950<br>FACSIMILE (617) 350-7760 | Brian D. Carlson †<br>James M. Dunn ♦<br>Meredith P. Freed<br>David C. Hunter †<br>Danielle T. Jenkins *<br>Robert S. Ludlum †●<br>Maureen L. Pomeroy<br>Daniel G. Skrip ♦<br><br>* also admitted in RI<br>♦ also admitted in PA<br>† also admitted in NY<br>● also admitted in CT |

Daniel G. Skrip
extension 109
dskrip@piercedavis.com

November 4, 2004

***Via Facsimile***
Attorney Richard M. Russell
Heritage Place Common
205 Worcester Court, Unit B 2
Falmouth, MA

Re:   *Noah Greenberg v. Town of Falmouth, et al.*

Dear Mr. Russell:

   Thank you for yours dated today. I will oppose your motion to amend since your alleged 'contributory infringement' claim is derivative of your original infringement claim to which your client took express offense as early as June 18, 2001. We will assert that your amendment is futile and nothing more than an attempt to avoid the ramifications of our summary judgment motion.

   And please note that my letter to you dated November 3, 2004, permitted you over a day and a half to respond pursuant to Local Rule 7.1, not a "very few hours" as you claim in your letter. Further, note that I sent that letter only after your office failed to respond to my call earlier in the week.

   We will file our motion today. I look forward to your opposition.

                                Very truly yours,

                                PIERCE, DAVIS & PERRITANO, LLP

                                Daniel G. Skrip

DGS:dt
cc:   Attorney Christopher S. Finnerty

LAW OFFICE
OF
# RICHARD M. RUSSELL
A PROFESSIONAL CORPORATION
205 WORCESTER COURT • UNIT B 2
FALMOUTH, MASSACHUSETTS 02540

November 4, 2004

Daniel G. Skrip, Esquire
Pierce, Davis & Perritano, LLP
10 Winthrop Square
Boston, Massachusetts 02110

Re:   Greenberg v. Town of Falmouth, et al.
      United States District Court for the District of Massachusetts
      Civil Action No.: 04-11934GAO

**BY FACSIMILE TRANSMISSION AND FIRST CLASS MAIL**

Dear Mr. Skrip:

I have received your facsimile transmission of today.

I have further reviewed Mr. Greenberg's complaint and note that it does state a claim of contributory infringement in the wrongful creation of a derivative work.

You are encouraged to consider when that claim accrued, especially on a summary judgment motion when no discovery has been conducted.

Whatever you may believe was the time frame of your prior facsimile, I reiterate that this office does not consider a lack of response to be an indication of any position. The reality is I was unable to respond to your phone call. You are free to indicate the lack of ability to communicate but not to attribute any meaning to this office.

Sincerely,

/s/ Richard M. Russell

Richard M. Russell
RMR|mag
att:
by facsimile: 617.350.7760

**NOTICE OF CONFIDENTIALITY**

This document is intended only for the use of the person to whom it is addressed. It may contain information that is privileged or confidential. If you are not the intended recipient of this document, any distribution, copying, or other use of this document is strictly prohibited. If you have received this communication in error, please notify this office by telephone to arrange for the return or destruction of the original at no cost to you.