UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 21  P 3: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NOAH GREENBERG,<br>    Plaintiff,<br><br>v.<br><br>GANNETT FLEMING, INC.,<br>    Defendant/<br>    Cross-Claim Plaintiff,<br>and<br>TOWN OF FALMOUTH<br>    Defendant/<br>    Cross-Claim Defendant. | C.A. NO. 04-11934GAO |

## DEFENDANT TOWN OF FALMOUTH'S SUPPLEMENTAL MEMORANDUM SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT

### Issue Presented

Whether an alleged copyright infringement claim that accrued within the appropriate period of limitations serves to preserve an alleged copyright infringement claim that accrued outside the appropriate period of limitations.

### Short Answer

No.

### Discussion

The Supreme Court of the United States has not addressed this issue; neither has the First Circuit.[1] Direction, however, is provided by the United States Code, other Circuits and a learned treatise. All sources lead to the conclusion that a copyright infringement claim that accrued within the appropriate period of limitations does not serve to preserve an alleged copyright infringement claim that accrued outside the appropriate period of limitations.

---

[1] Though not on point Bruce v. Weekly World News, Inc., 310 F.3d 25 (1st 2002) and Maloney v. Stone, 171 F.Supp. 29 (D.Mass. 1959), both discussed below, provide some guidance.

Title 17, Chapter 1, *et seq.*, of the United States Code contains the law of Copyrights. Chapter 5 of Title 17 outlines the remedies available to copyright holders whose rights have been violated. Section 507 - Limitations on Actions - reads: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The language is clear and direct. It "does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, *nor does it provide for any reach back if an act of infringement occurs within the statutory period.*" Hoey v. Dexel Systems Corp., 716 F.Supp. 222, 223 (E.D.Va.1989) (emphasis added). The statutory clarity, along with potentially disastrous fact patterns stretching back years before filing, have persuaded the majority of Circuits to reject the continuing violations doctrine in the copyright context.

All Circuits Courts of Appeal deciding our issue (save one, discussed post) agree with Hoey. The Court of Appeals for the Fourth Circuit put it best: "[U]nder the prevailing view, a party cannot reach back, based on acts of infringement that accrued within the limitations period, and recover for claims that accrued outside the limitations period." Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 202 (4th Cir. 1997) citing Hoey, 716 F.Supp. at 223. The leading federal appellate case quashing the so-called 'continuous wrong doctrine' in the copyright context comes from our neighboring Circuit. In Stone v. Williams, 970 F.2d 1043, 1050 (2d Cir.1992), the plaintiff belatedly discovery that she was the daughter of the late famous country and western singer Hank Williams, Sr. If correct, she would have been entitled to copyright renewals for his extensive repertory of songs. The Court found that plaintiff had notice of her claim by October 17, 1979, when she acknowledged to the Alabama Department of Pensions and Security that her adoptive mother had told her that Williams, Sr. might be her natural father. Notwithstanding, plaintiff failed to

pursue the matter aggressively until she filed suit on September 12, 1985. Plaintiff argued that her knowledge, though arising more than three years prior to her suit, did not bar relief for deprivations occurring before September 12, 1982. Id. at 1049. She contended that the defendants' ongoing exploitation of her interest in the copyright renewals and their failure to account to her for her share is a continuous course of wrongful conduct precluding a statute of limitations defense. Id. "We disagree", wrote the Court of Appeals for the Second Circuit. Id.

The Stone Court went on to hold that each "act of infringement is a distinct harm giving rise to an independent claim for relief. This does not mean that when infringements occur during the limitations period recovery may be had for past infringements. Recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts." Id. "Application of the continuous wrong doctrine generally has been rejected in the infringement context." Id. citing Hoey, 716 F.Supp. at 223-24; Gaste v. Kaiserman, 669 F.Supp. 583, 584 (S.D.N.Y.1987); Hoste v. Radio Corp. of America, 654 F.2d 11, 11-12 (6th Cir.1981) (per curiam). The Stone Court allowed plaintiff to proceed only so far as to seek her proportionate share of remedies received within three years of suit. See Stone, 970 F.2d at 1050. Like the Second Circuit, the Fourth Circuit (Hotaling, 118 F.3d at 202), the Fifth Circuit (Makedwide Publishing Co. v. Johnson, 37 F.3d 180, 182 (5th Cir.1994) (after comparing cases against Taylor, court wrote, "we are persuaded by the Ninth, Sixth and Second Circuits' interpretation")), the Sixth Circuit (Hoste, 654 F.2d at 11-12) and the Ninth Circuit (Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) ("Lest there be any confusion regarding the law in this Circuit on this particular point, we adopt this [Hoey] view")) have rejected the continuous wrong doctrine and held steadfast that a

plaintiff may only recover for infringements within the three-year period before the Complaint was filed.[2]

Only the Seventh Circuit has adopted so-called "rolling statute of limitations" theory.[3] In Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983), the Court of Appeals for the Seventh Circuit considered an infringement claim involving the distribution and sale of copyrighted maps. It held that only the last infringing act need be within statutory period of copyright statute of limitations to permit recovery for all infringing acts so long as the infringement amounts to continuing wrong. Id. at 1118-1119. The Taylor reasoning has not been accepted by any other Circuit Court of Appeals. In fact, a number of Circuits have considered and rejected Taylor. See, e.g., Roley, 19 F.3d at 481 ("district court rejected the application of this theory. We do so as well."); Makedwide Publishing Co., 37 F.3d at 182 (comparing Stone, Hoste and Taylor); and Kregos v. Associated Press, 3 F.3d 656, 662 (2d Cir.1993) (specifically rejecting the continuous tort doctrine of Taylor).

*Nimmer on Copyright* recognizes the majority view. The "prevailing view is ... that the statute of limitations bars recovery on any damage claim that accrued over three years prior to filing

---

[2] Two cases provide insight into the First Circuit's leaning. In Maloney v. Stone, 171 F.Supp. at 29, the District Court of Massachusetts dismissed copyright claims that accrued before the beginning of the appropriate limitations period while allowing related claims that accrue within the period. The Maloney court, however, rendered its decision under the old Copyright Act which did not contain a limitations period and instead relied on state law limitations. The court wrote: "The period of limitation or laches for the recovery of damages for infringement of a federally-created right could, of course, have been set by Congress. But Congress in the copyright field has chosen not to prescribe a national standard but to accept as the period of limitation or laches the local state law prescribed by the state ... ." Congress, of course, did set a period of limitations - Section 507 - when it overhauled the Copyright Act in 1976. On the strength of Section 507, the Court of Appeals for the First Circuit sunk half of the plaintiff's case in Bruce v. Weekly World News, Inc. 310 F.3d at 25. Bruce involved a series of copyright infringements that occurred over time. The First Circuit, citing Section 507, disallowed recovery of damages occurring outside the limitations period while permitting those that occurred within it. Id. at 27 n.1 ("copyright statute itself delimits the recoverable damages in the instant case to those sustained since June 1, 1995"). Unfortunately, the Bruce court did not directly address Stone or the continuous wrong theory.

[3] That leaves this Circuit, the Third Circuit, the Eight Circuit, the Tenth Circuit, the Eleventh Circuit and the D.C. Circuit; none of those have decided our issue.

of suit" and that "the time 'the claim accrued' ... is the time that the infringement upon which suit is based occurred". 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05 [A] at 12-132-33 (2004).

In this case, Plaintiff's 'direct infringement' claim accrued, at the very latest, on June 18, 2001, the date of Plaintiff's letter to William Owen complaining of Falmouth's copying and publication of Plaintiff's plans. Putting aside issues such as fair use and implied license, Falmouth's copying and publication in May/June 2001 constitutes, in and of itself, a cause of action under Section 106 of the Copyright Act. That so-called 'direct infringement' claim must fall since Plaintiff did not file suit until September 3, 2004. Since "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief", Stone, 970 F.2d at 1059, Plaintiff is not left without a remedy: He still maintains a viable cause of action for contributory/derivative infringement.[4] This split in infringement claims is not unusual.[5]

---

[4] In his Complaint and his Opposition to Falmouth's Motion, Plaintiff acknowledged his separate and distinct causes of action within the infringement family. In Paragraph 16 of his Complaint, Plaintiff referred to Falmouth's inclusion of the subject plans into the Request for Qualifications ('direct infringement'); and in Paragraph 17, Plaintiff recognized the separate act of 'derivative' infringement. He makes the same distinction on pages 7 and 9 of his Opposition.

[5] In Compuware Corp. v. Health Care Service Corp., 203 F.Supp.2d 952 (N.D. Ill. 2002), the plaintiff brought a direct infringement claim and derivative infringement claim. Id. at 955, 956. The court struck the direct infringement claim holding that the plaintiff filed suit more than three years after that cause of action accrued. At the same time, the court allowed the derivative infringement claim because that claim arose within the three year window. Id. at 956.

## Conclusion

This Court's holding should be consistent with the plain reading of the statute and consistent with the prevailing view on this issue. Falmouth respectfully requests that this Court hold that Plaintiff can bring suit only for alleged infringements occurring within the three years before he filed this case. In other words, Plaintiff cannot maintain his direct infringement claim because it accrued more than three years before his suit.

> The Defendant,
> TOWN OF FALMOUTH,
> By its attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> _____
> John J. Davis, BBO #115890
> Daniel G. Skip, BBO #629784
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Dated: January 21, 2005

