UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT TOWN OF FALMOUTH'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

In response to this court's order of January 6, 2005, the plaintiff submits this supplemental memorandum in opposition to the defendant Town of Falmouth's motion for summary judgment.

The issue before the court is whether the plaintiff's claim that the defendant committed a copyright violation by reproducing the plaintiff's copyright protected architectural drawings, which reproduction occurred more than three years before the commencement of the plaintiff's action, is barred by the applicable statute of limitations, 17 U.S.C. § 507(b).[1]

**II. THE TOWN'S INFRINGEMENT BY REPRODUCTION CONTINUED INTO THE LIMITATIONS PERIOD**

Assuming for the purpose of analysis that the town's only infringement was the wrongful reproduction of the plaintiff's drawings, that infringement continued with the distribution of the reproductions and with the use of the reproductions in the preparation of derivative drawings, at least some of which acts occurred within the limitations period.

---

[1] At hearing on January 6, 2005, the Town of Falmouth conceded that a claim for wrongful preparation of derivative drawings is not time barred. Presumably, the plaintiff's claims for equitable relief are similarly not time barred.

While, as discussed below, the courts have differed on the <u>damages</u> that may be recovered for acts of infringement that occurred more than three years before an action was commenced, the majority view appears to be that when one infringement consists of multiple acts, the last of the wrongful acts commences the limitations period. <u>See</u> <u>Baxter v. Curtis Industries, Inc.</u> 201 F. Supp. 100 (N.D. Ohio 1962) ("[I]t appears that prior to the 1957 Amendment of Sec. 115(b) the rule as to copyright actions was, that the period of limitation began from the date of the last infringing act. It is the opinion of the Court that the amendment was not intended to, and did not, change this basic concept. It simply made uniform a three-year limitation dating from the last act of infringement, in place of the multitude of state limitation periods . . . . 17 U.S.C. § 115(b) may limit the period of time in which damages are recoverable in a case, but by reason of the interpretation that the alleged infringement is continuous, the motion to dismiss is denied."). This principle has been applied in this district. <u>See</u> <u>Boothroyd Dewhurst, Inc. v. Poli</u>, 783 F. Supp. 670, 693 - 694 (D. Mass. 1991) (though infringement began more than three years prior to commencement of action, infringements continued into limitations period and claim not time barred). [2]

---

[2] <u>See</u> Annotation, Construction and Application of 17 U.S.C.A. § 507(b), Requiring that Civil Copyright Actions be Commenced Within 3 Years After Claim Accrued, 140 A.L.R. Fed. 641, § 3[a], (1997-2004):

> The court in the following cases held that a cause of action for copyright infringement accrued, and the statute of limitations under 17 U.S.C.A. § 507(b) or its predecessor begins to run, at the time the copyright in question is infringed or, where there are a series of acts infringing the copyright, at the time of the most recent of those acts.
>
> See <u>Boothroyd Dewhurst, Inc. v. Poli</u>, (1991, DC Mass) 783 F. Supp. 670, 20 USPQ2d 1881, where the court adopted without pertinent comment a magistrate judge's ruling that a copyright infringement action was not time-barred under 17 U.S.C.A. § 507(b), even though the defendant professor contended that any of his acts which might have constituted infringement of the plaintiff corporation's software had occurred in 1985, 4 years before the corporation filed suit. The magistrate, noting evidence of several post-1985 derivative works, concluded that a reasonable

2

This rule has particular application with respect to copyright in architectural drawings. In Kunycia v. Mellville Realty Co., Inc, 755 F. Supp. 566 (S.D. N.Y. 1990), the plaintiff architect complained of the defendants' wrongful reproduction of his copyright protected drawings, as here. Id. at 575. The defendants countered--and the court apparently accepted--that the act of reproduction occurred more than three years before the commencement of the action. Id. at 578. Nevertheless, the court concluded that use of the reproduced drawings within the limitations period was sufficient to bring the plaintiff's claim for violation by reproduction within the limitations period. Id. Kunycia confirms that a violation by wrongful reproduction is not completed on the date of reproduction but continues while the wrongfully reproduced drawings are put to use.

The same outcome is proper in the present action. Whatever date the town might have reproduced the plaintiff's drawings, subsequently the wrongfully reproduced drawings were distributed, a further wrong related solely to the wrongful reproduction, and subsequently still the wrongfully reproduced drawings were employed in the preparation of derivative drawings. Presumably, the wrong that occurred by the preparation of derivative drawings did not commence until the derivative drawings were completed. Until then, continuous wrongs related to the wrongfully reproduced drawings occurred: the distribution and use of the drawings were contrary to the plaintiff's exclusive right to distribute and use the drawings. That in Kunycia the reproduced drawings were used in construction and in the present action the drawings were used in the preparation of subsequent drawings is not a material distinction. In both instances the wrongfully

---

factfinder could infer that the professor's work had begun infringing on the corporation's copyright in 1983 and had continued to do so until the filing of the action.

3

reproduced plans were put to a use contrary to the owner's exclusive rights during the limitations period. In both cases the statute of limitations is not a bar. [3]

### III. THE TOWN'S SUBSEQUENT VIOLATION WITHIN THE LIMITATIONS PERIOD BRINGS PRIOR RELATED VIOLATIONS WITHIN THE LIMITATIONS PERIOD

Even if the town's violation by reproduction occurred outside the limitations period, its subsequent participation in the wrongful preparation of derivative drawings brings all of its wrongful actions within the limitations period.

The application of the copyright statute of limitations, as relates to alleged copyright violations that occurred more than three years before the commencement of an action, has been the subject of much discussion. See Annotation, Construction and Application of 17 U.S.C.A. § 507(b), Requiring that Civil Copyright Actions be Commenced Within 3 Years After Claim Accrued, 140 A.L.R. Fed. 641 (1997-2004). The issue appears to concern whether <u>recovery</u> for violations occurring more than three years before the commencement of the plaintiff's action may be had or whether recovery for those prior acts are precluded. The discussion of damages in these cases does

---

[3] The leading cases for a contrary view, both from the Second Circuit, are distinguishable: In <u>Kregos v. Associated Press</u>, 3 F.3d 656 (2nd Cir. 1993), the plaintiff complained of multiple infringing works, and the accrual of each was separately identifiable. As to the earlier time-barred infringement, the court apparently adopted the last use as the date of accrual. See id. at 661 ("While [defendant] used its [infringing] form until October 1985, Kregos did not initiate suit until March 1989. Thus, Kregos's claim for infringement . . . was filed at least five months late."). As to the later alleged infringement, the court found none. Id. at 664. A later case, <u>Repp v. Webber</u>, 914 F. Supp 80 (S.D. NY 1996), judgment entered 947 F. Supp. 105, cited <u>Kregos</u> for the proposition that the last act controls. See id. at 83 ("The period of limitations begins to run from the moment the defendant commits an infringement, and when continuing infringement is asserted, from the last act of infringement. Kregos v. Associated Press, 3 F.3d 656 (2nd Cir 1993), cert. denied, 114 S. Ct. 1056 (1994)") (some citations omitted).

The second case frequently cited, <u>Stone v. Williams</u>, 970 F.2d 1043 (2nd Cir. 1992), involved a claim of copyright co-ownership, not copyright violation. <u>Stone</u> also discusses what damages may be recovered, not what act commenced the limitations period. Id. at 1049 - 1050.

4

not affect the general rule, discussed above, that accrual occurs on the date of the last infringing act, the issue being whether damages for infringing acts more than three years prior to commencement may be had.[4]

Though the courts are divided, the reasoning supporting recovery is persuasive.

Cases applying or articulating the principle in favor of recovery are <u>Taylor v. Meirick</u>, 712 F.2d 1112, 1118 - 1119 (7th Cir. 1983); <u>Repp v. Webber</u>, 914 F. Supp 80 (S.D. N.Y. 1996), judgment entered 947 F. Supp. 105; <u>Eisenman Chemical Co. v. NL Industries, Inc.</u>, 595 F. Supp. 141 (D.C. Nev. 1984); <u>Woods Hole Oceanographic Institute v. Goldman</u>, 228 USPQ 874 (S.D. NY 1985); and <u>Foster Music Publisher v. Price Stern Sloan</u>, 1995 U.S. Dist. Lexis 5359 (ND Ill 1995).

<u>Eisenman</u>, <u>supra</u> at 146 - 147, supplies the reasoning for this application. Were the statute of limitations applied otherwise, wrongdoers would be relieved of liability, at least in part, despite having engaged in a pattern of wrongful conduct that continued until the commencement of litigation (or at least within the limitations period). Because at least some conduct must come within the limitations period, application of the statute in this context does not realistically create a possibility

---

[4] Seemingly recognizing the respective views is 18 Am Jur 2d Copyright and Literary Property § 242:

> No civil action for copyright infringement can be maintained unless it is commenced within three years after the claim accrued. The three-year limitation period begins to run from the <u>date of the last infringing</u> act, not from the date of the initial act. Only the last infringing act need be within the statutory period of the statute of limitations to permit recovery for <u>all</u> infringing acts as long as the infringement amounts to a continuing wrong. A copyright holder may recover for infringements that occurred within three years before a suit is filed, even if earlier claims were not pursued. Where the infringement is a continuing one, extending over a period of time exceeding three years, the action may be maintained, but recovery of damages will be limited to those acts of infringement that occur within three years immediately preceding the date on which the action is commenced (emphasis supplied, citations omitted).

of litigating far remote wrongs. Applying the statute otherwise burdens the copyright holder with the need to commence successive litigation.

Foster, supra at 9, though recognizing the disagreement on the "continuing wrong" theory of damages, declined strict interpretation of the statute of limitations, explaining that it is unfair to deny the plaintiff a recovery when the magnitude of the wrong is not apparent until other wrongs are discovered. That reasoning applies particularly in the present action: while the town's reproduction was wrongful, the larger wrong was the town's participation in the preparation of derivative works, that the magnitude of the wrong was not readily apparent is not grounds for relieving the town of liability for those earlier actions. To apply the statute strictly is to punish the plaintiff for pursuing a reasonable dispute resolution strategy, and benefits the wrongdoing town, though the town suffered no prejudice as a result of the plaintiff's reasonable actions.

## IV. CONCLUSION

For all the reasons set forth herein, the plaintiff respectfully requests that this Court deny the defendant's motion for summary judgment.

Respectfully submitted,
the plaintiff,
Noah Greenberg,
by his attorney,

_____
Richard M. Russell, Esquire
Heritage Place Condominium
205 Worcester Court
Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997
Dated: January 25, 2005

**Certificate of Service**

I, Richard M. Russell, hereby certify that I this day made service of the within document by mailing a true photocopy of same, first class mail, postage prepaid, to counsel of record for the Town of Falmouth, John Davis, Esquire, Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, Massachusetts 02110, and counsel of record for Gannett Fleming, Inc., Paul Michienzie, Esquire, Michienzie & Sawin, LLC, 745 Boylston Street, 5th Floor, Boston, Massachusetts 02116.

_____
Richard M. Russell
Dated: January 25, 2005