UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11934-GAO

NOAH GREENBERG,
Plaintiff,

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
Defendants.

ORDER
March 15, 2005

O'TOOLE, D.J.

After oral argument on the Town of Falmouth's motion for summary judgment, I reserved ruling on the motion to allow the parties to submit supplemental briefing on the issue of whether the "continuing infringement" theory can save an otherwise time-barred copyright infringement claim when the initial allegedly infringing act occurred outside the limitations period but subsequent allegedly infringing acts occurred during the limitations period.

The "continuing infringement" theory was adopted by the Seventh Circuit in Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983). In that case, the court of appeals held that the plaintiff could seek damages for acts of infringement that occurred more than three years before he filed suit because the defendant's infringement was a "continuing wrong." Id. at 1119. The court reasoned that the initial copying was simply the first step in a course of wrongful conduct, and since the final infringing act occurred within the statutory limitations period, the plaintiff could reach back and get damages for the entire duration of the alleged violation. Id.

The First Circuit has not directly addressed this issue, but other courts of appeals that have considered the continuing infringement theory in a copyright infringement case have rejected it. See Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 890-91 (6th Cir. 2004); Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 202 (4th Cir. 1997); Makedwde Publ'g Co. v. Johnson, 37 F.3d 180, 182 (5th Cir. 1994); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994); Stone v. Williams, 970 F.2d 1043, 1049-50 (2d Cir. 1992). I find these decisions persuasive. I also note the First Circuit's recognition of a three-year limitation on the recovery of damages under the copyright statute. See Bruce v. Weekly World News, Inc., 310 F.3d 25, 27 n.1 (1st Cir. 2002) (citing 17 U.S.C. § 507(b)).

Here, the plaintiff was aware of a possible infringement claim against the Town as early as June 18, 2001, at which point he told the Town that he "fully intend[ed] to pursue all of [his] rights and options" regarding the Town's reproduction and distribution of his drawings. See Owen Aff., Attach., Pl.'s letter, dated June 18, 2001. It was more than three years later, September 3, 2004, that he filed his complaint. Consequently, the statute of limitations bars the plaintiff's direct infringement claim against the Town for reproduction and/or distribution of his original drawings prior to September 3, 2001. The plaintiff may, however, proceed with his claim that the Town should be liable for contributing to Gannett Fleming's allegedly infringing conduct. Recoverable damages for any contributory infringement are only those sustained since September 3, 2001. See 17 U.S.C. § 507(b); Bruce, 310 F.3d at 27 n.1; Stone, 970 F.2d at 1049-50 ("Recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts.").

The Town's motion for summary judgment (Dkt. No. 14) is GRANTED IN PART, and the plaintiff's direct infringement claim against the Town for actions taken prior to September 3, 2001 is dismissed. The motion is otherwise DENIED.

It is SO ORDERED.


| March 15, 2005 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |