UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

**MOTION TO WAIVE BOND ON PRELIMINARY INJUNCTION**

Now comes the plaintiff in the above-captioned action and hereby moves that this court waive the posting of a bond if the court should be inclined to grant the Plaintiff's Motion for Preliminarily Injunction submitted herewith. The plaintiff refers this court to the Affidavit of Noah Greenberg attached as Exhibit D to Plaintiff's Motion for Preliminary Injunction.

A bond is not a prerequisite to the issuance of a preliminary injunction. The relevant considerations were expressed in Flag Fables v. Jean Ann's Country Flags and Crafts, 730 F. Supp. 1165, 1176 (D. Mass. 1989):

> The Court of Appeals for the First Circuit has set forth various factors which a district court should consider in deciding whether or not to require the posting of a bond.
>
> > First, at least in noncommercial cases, the court should consider the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant. Applicants in commercial cases--merchants, manufacturers, and others--can be assumed capable of bearing most bond requirements, so hardship to them is less of a factor. Second, in order not to restrict a federal right unduly, the impact that a bond requirement would have on enforcement of the right should also be considered. One measure of the impact lies in a comparison of the positions of the applicant and the enjoined party. A bond requirement would have a greater adverse effect where the applicant is an individual and the enjoined party an institution that otherwise has some control over the applicant than where both parties are individuals or institutions.

Crowley v. Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers et al., 679 F.2d 978, 1000 (1st Cir.1982), rev. on other grounds, 467 U.S. 526, 104 S. Ct. 2557, 81 L. Ed.2d 457, reh. denied, 468 U.S. 1224, 105 S. Ct. 19, 82 L. Ed.2d 915 (1984). These standards are well-established in this Circuit. See Application of Kingsley, 802 F.2d 571, 578 (1st Cir.1986); Sierra Club v. Marsh, 701 F. Supp. 886 (D. Me.1988).

In the present action, the plaintiff is an individual of modest means. Requiring a bond as a prerequisite to preliminary relief may well deprive the plaintiff of federal copyright protection. Given that the plaintiff early and repeatedly put the defendants on notice of his claims, the equities weight in favor of permitting an injunction without requiring a bond.

Respectfully submitted,
the plaintiff
Noah Greenberg,
by his attorney,

_____
Richard M. Russell, Esquire
Heritage Place Condominium
205 Worcester Court
Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997
Dated: July 19, 2005

**Certificate of Service**

I, Richard M. Russell, hereby certify that I this day made service of the within document by hand delivering a true photocopy of same to counsel of record for the Town of Falmouth, John Davis or Daniel Skrip, Esquire, Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, Massachusetts 02110, and counsel of record for Gannett Fleming, Inc., Paul Michienzie or John Barker, Esquire, Michienzie & Savin, LLC, 745 Boylston Street, 5th Floor, Boston, Massachusetts 02116.

_____
Richard M. Russell
Dated: July 19, 2005