UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff

v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENTS
OF  UNDISPUTED  AND  DISPUTED  MATERIAL  FACTS**

**GANNETT FLEMING'S UNDISPUTED AND DISPUTED MATERIAL FACTS**

46. Plaintiff believes the percentages stated are much exaggerated but presumably can be calculated from the plans that are included in the summary judgment record. The plaintiff disputes that the alleged facts are relevant.

47. Plaintiff disputes that the appearance is different, other than differences that result from Gannett Fleming's addition of a second floor to the plaintiff's design.

48. Disputed. The area at the entryway is obviously a reception area.

49. The plaintiff disputes that copy|file areas do not exist in his drawings. The plaintiff disputes in any event that the alleged facts are relevant.

50. The plaintiff admits that Gannett Fleming programmed conference rooms in areas it added to the plaintiff's design but denies that such is relevant.

51. The plaintiff admits that Gannett Fleming programmed a sprinkler room but denies that such is relevant.

52. The plaintiff admits that Gannett Fleming programmed toilet facilities in areas it added to the plaintiff's design but denies that such is relevant.

53. As plans depicting the described areas have not been included in the summary judgment record or otherwise described, the plaintiff cannot admit or deny the same. The plaintiff disputes in any event that the alleged facts are relevant.

54. The plaintiff admits that Gannett Fleming programmed lunch rooms and that some were included in areas it added to the plaintiff's design but denies that such is relevant.

55. The plaintiff admits that Gannett Fleming added a second story to his design but denies that such is relevant.

56. The plaintiff believes these facts to be true but because all the indicated plans have not been made part of the summary judgment record or otherwise described he cannot confirm the same. The plaintiff denies in any event that differences in the garage design are relevant.

57. The plaintiff believes these facts to be true but because all the indicated plans have not been made part of the summary judgment record or otherwise described he cannot confirm the same. The plaintiff denies in any event that differences in the garage design are relevant.

58. The plaintiff believes these facts to be true but because all the indicated plans have not been made part of the summary judgment record or otherwise described he cannot confirm the same. The plaintiff denies in any event that differences in the garage design are relevant.

59. The plaintiff believes these facts to be true but because all the indicated plans have not been made part of the summary judgment record or otherwise described he cannot confirm the same. The plaintiff denies in any event that differences in the garage design are relevant.

60. The plaintiff admits that Gannett Fleming located department operations in respective areas but denies the characterization of his design and denies in any event that the alleged facts are relevant.

61. The plaintiff agrees but denies that the alleged facts are relevant.

62. The plaintiff does not really understand the language "employee gathering areas" and denies in any event that the alleged facts are relevant.

63. The plaintiff does not really understand the language "high-bay Parks maintenance shop" and denies in any event that the alleged fact is relevant.

64. Admitted. The plaintiff denies that these facts are relevant.

65. Admitted. The plaintiff denies that these facts are relevant.

66. The plaintiff is not sure that his design removed load bearing walls and such presumably is the subject of expert testimony and Gannett Fleming has not identified any expert. The plaintiff denies in any event that the alleged facts are relevant.

67. Because Gannett Fleming added a second story, a comparison of roof elevations is difficult if not impossible. The plaintiff denies that the alleged facts are relevant.

68. The plaintiff believes this description to be accurate but denies the same is relevant.

69. The plaintiff believes this description to be accurate but denies the same is relevant.

70. The plaintiff believes this description to be accurate and further that Gannett Fleming patently copied his two-dimensional design designated as "terrace," which is relevant. The plaintiff admits the description regarding landscaping but denies the same is relevant.

71. Without the defendant's plan, which have not been made part of the summary judgment record or otherwise identified, the plaintiff cannot admit or deny these alleged facts but denies in any event that the same are relevant.

72. Without the defendant's plan, which have not been made part of the summary judgment record or otherwise identified, the plaintiff cannot admit or deny these alleged facts but denies in any event that the same are relevant.

73. The plaintiff is unaware of "wetland buffers" and such presumably is the subject of expert testimony and Gannett Fleming has not identified any expert. The plaintiff denies in any event that the alleged facts are relevant.

74. Without the defendant's plan, which have not been made part of the summary judgment record, the plaintiff cannot admit or deny these alleged facts but denies in any event that the same are relevant.

75. The plaintiff was paid for services but such payment did not include an assignment of his intellectual property rights. The plaintiff seriously disputes the logic, and thus the relevance, of this fact. Among the architectural effort, creating a satisfactory design, with its corresponding investigation, logical analysis, technical skill, and creativity, was a far greater effort than the relatively mechanical effort of preparing construction instructions for that design (though the construction instructions may be more labor intensive) and the supervisory activities in overseeing the construction according to those instructions. That the plaintiff would accept $8,000 for the difficult effort, with the understanding that another architect would assume the comparatively benign role of bringing that effort (and his personal design) to completion, for a fee of some $350,000, is difficult to comprehend.

76. Admitted but relevance is disputed. Nothing the town did by way of advertisement resulted in the assignment or surrender of the plaintiff's intellectual property rights.

77. The plaintiff seriously disputes the suggestion this alleged fact suggests. The plaintiff believes that Gannett Fleming and the town decided to relocate his design on the site (as they contracted to do). As a result, technically, the plaintiff's plans were not used, in the sense that new plans were required to be drawn to indicate where the relocated design would sit on the site, which presumably Gannett Fleming prepared. The plaintiff believes that his design was copied wholesale in "Gannett's own plans for the same job." The plaintiff absolutely disputes that Gannett Fleming's plans were prepared from scratch, especially when this statement followed other contrary admissions, and when the similarities are beyond coincidence.

78. The plaintiff admits the testimony attributable to him and denies the remainder and denies the relevance of all. Whether the owner suggested certain design ideas is not relevant to the plaintiff's copyright. See for instance TMTY, Corp. v. Mass Productions, Inc., 345 F. Supp. 2d 196, 204 (D.P.R. 2004) ("The suggestion of any number of ideas and concepts does not suffice to turn the person or persons making those suggestions of ideas or concepts into authors for copyright purposes."). The defendant certainly has failed to make a presentation on summary judgment that the arrangement of spaces was required to occur in any locations on the subject site.

79. See above.

80. These are not facts.

81. The plaintiff agrees with the first sentence. No attachment was included with the Affidavit of Jeffrey Alberti that was served electronically, so the plaintiff cannot respond. The plaintiff observes that the attachment appears to be in the same nature as a document identified as an exhibit at his deposition. There, the plaintiff disputed that an overlay was accurate, at least in part because his entire design was not included in the overlay and was thus inaccurate.

**TOWN OF FALMOUTH'S STATEMENT OF DISPUTED MATERIAL FACTS**

A. Denied in its entirety.

B. The plaintiff agrees but denies that these facts are relevant or result in an assignment or surrender of his intellectual property rights.

C. The plaintiff agrees that in 1994 he submitted floor plans without comment as to his copyright. The plaintiff disputes that these facts are relevant or result in an assignment of surrender of his intellectual property rights.

Respectfully submitted,
the plaintiff,
Noah Greenberg,
by his attorney,

_____
Richard M. Russell
Heritage Place Condominium
205 Worcester Court • Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997

Dated: February 23, 2006