UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO. 04-11934-GAO

| | |
|---|---|
| NOAH GREENBERG<br>    Plaintiff<br><br>v.<br><br>TOWN OF FALMOUTH,<br>AND GANNETT<br>FLEMING, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT GANNETT FLEMING'S OBJECTIONS TO PLAINTIFF'S
PRE-TRIAL DISCLOSURES**

Now comes defendant and cross-plaintiff Gannett Fleming Engineers and Architects, PC ("Gannett Fleming" or "Gannett"),[1] through its counsel of record, hereby submits the following objections to the pre-trial disclosures of proposed trial exhibits by plaintiff Noah Greenberg ("plaintiff"), pursuant to Fed. Rule of Civil Procedure 26(a)(3). As an initial matter, defendant Gannett Fleming objects generally to any proposed exhibit that cannot be authenticated, where the author is unidentified, that is incomplete, or that contains redactions. Without waiving this general objection, Gannett objects specifically to the following proposed exhibits:

---

[1] The named Defendant in this case is Gannett Fleming, Inc. However, the contract between Gannett and the Town of Falmouth was with Gannett Fleming Engineers and Architects, PC, and that is the corporate entity that performed the design services on the subject job. Thus, Gannett Fleming, Inc. is a misnomer.

## GANNETT FLEMING'S OBJECTIONS

1.   The sixth[2] of plaintiff's (unnumbered) trial exhibit list is five pages of notes concerning the 6/5/01 meeting [GF 261-265]. Gannett Fleming does not object to this document, to the extent that it has been authenticated (Rule 901).[3] However, any statements contained *within* this document will have to qualify for admission under the hearsay and other evidentiary rules. Gannett Fleming cannot at this time determine what objections it will have to each statement, as plaintiff has not specified which statements he intends to introduce into evidence from this 5-page document, so Gannett reserves its right to make specific objections at trial.

2.   As the eighth item in plaintiff's list of trial exhibits, plaintiff specifies Gannett Fleming's 6/21/01 Statement of Qualification [GF 7-19-793]. Gannett Fleming does not object to admission of relevant portions of this submission packet, but notes that many portions may be only marginally relevant (such as resumes from Gannett individuals who did no work on the subject project). Gannett reserves its right to object to any specific portion of this packet at trial. Gannett also specifically objects to the final three pages of this packet [GF791-793] on the grounds that evidence that the defendant(s) were insured would be inappropriate, without probative value, and would be substantially and unfairly prejudicial to defendant; "a plaintiff ordinarily may not show that the defendant is insured against liability,… It is not itself probative of any relevant proposition and has taken to lead to undeserved verdicts for plaintiffs and exaggerated awards which jurors will readily load on faceless insurance companies…." Goldstein v. Gontarz, 364 Mass. 800, 808, 309 N.E.2d 196 (1974); see Rule 411.[4]

---

[2] Plaintiff did not number his proposed trial exhibits. Therefore, Gannett has numbered them consecutively on Exhibit A to these Objections, in handwritten, circled numbers (1 through 51), for ease of reference.

[3] References herein to "Rule" are to the Federal Rules of Evidence.

[4] Gannett Fleming intends to move, in limine, to exclude all evidence of liability insurance potentially covering, or issued to Gannett Fleming, for these same reasons.

{00085205.DOC}

2

3.  At his tenth item on his trial exhibit list, plaintiff lists all contracts between the Town and Gannett Fleming, all amendments thereto, "and various covering correspondence regarding the exchange and execution of the same…." Insofar as Gannett Fleming has produced such contracts and amendments thereto, it does not object to their admission at trial. However, the final phrase concerning "various" correspondence about the contracts and/or amendments, is too vague and ambiguous to provide Gannett Fleming with sufficient information with which to identify the documents Gannett and therefore objects to "their" admission.

4.  As the thirteenth through nineteenth items on his trial exhibit list, plaintiff specifies several sets of drawings and plans. Gannett does not generally object to the admissibility of its plans for the subject job. However, Gannett points out that some of the listed drawings are preliminary and some are rough and not finished, such that their admission may be misleading to the fact-finder; for example where a plan was presented as a possible option or alternative that was never used on the job, that plan or drawing may be of only marginal (if any) relevance. Gannett reserves its right to object to the individual plans or drawings at trial based on relevance (Rule 401) and confusion grounds (Rule 403).

5.  As his twenty-third item on his trial exhibit list, plaintiff lists a standard-form AIA agreement (1997 edition). Gannett knows of no such AIA contract entered into between Gannett and the Town as to the subject job, so this standard-form agreement is irrelevant to the case (Rule 401).

**Exhibits Also Expected to be Referenced**

6. Plaintiff's twenty-fourth item on his evidence list is "photographs of completed structure." No such photographs have been produced to the knowledge of Gannett or its counsel, other than the photograph at plaintiff's thirty-sixth trial exhibit. Gannett objects to the admission of any photograph it has not seen and been able to authenticate with sufficient time before trial (Rule 901).

7. The next (twenty-fifth) item on plaintiff's trial exhibit list is "chalks: comparison of drawings...." Gannett Fleming does not know what plaintiff is referring to here, and objects (Rule 901). Admission of third-party drawings, not used on the job, will probably encounter authenticity and relevance problems at trial, and Gannett reserves its right to object on these and other grounds to introduction of any such "chalk." Further, Gannett points out that some of the graphic superimpositions of Greenberg's and Gannett's plans in plaintiff's pleadings (exhibits either in briefs or attached as exhibits to plaintiff's Summary Judgment Motion and/or Preliminary Injunction Motion) have not been accurate, as discussed in Gannett Fleming's Opposition briefs thereto. Gannett objects to any such misleading graphic exhibits at trial.

8. The twenty-sixth item on plaintiff's trial exhibit list is a set of interrogatory answers. Gannett Fleming objects to the introduction of this exhibit insofar as it is used for purposes other than impeachment or admission of a party opponent or otherwise under Rule 801.

9. The twenty-seventh item on plaintiff's trial exhibit list is unidentified affidavits submitted by defendants. See objection in paragraph 8, which is incorporated herein.

10. The twenty-eighth item on plaintiff's trial exhibit list is "allegations set forth in Gannett Fleming, Inc.'s cross-claim against the Town of Falmouth...." Gannett Fleming objects to the admission of this evidence, as pleadings are not generally admissible at trial, and because

plaintiff is entitled to question a Gannett Fleming or a Town witness concerning this cross-claim and its nature. In fact, one of plaintiff's proposed trial exhibits is the 4/1/03 indemnification agreement between the Town and Gannett Fleming [GF509].

**Documents or Other Exhibits, Including Summaries of Other Evidence, That the Plaintiff May Offer if the Need Arises**

11.  As his twenty-ninth trial exhibit, plaintiff lists "Town of Falmouth Requests for Proposals, reflecting the signature William Owen…, Director of Public Works, 1993 (one page) (Town deposition Exhibit No. 1(first page of))…" Gannett objects to this listing as unintelligible: Exhibit 1 of the deposition of the Town was the deposition notice for that same deposition. Therefore, Gannett Fleming objects to the admission of this listed exhibit.

12.  As its thirtieth trial exhibit, plaintiff lists "Town of Falmouth Department of Public Works request for Architectural Consultant Services Municipal Service Maintenance Facility (three pages) (Town deposition Exhibit No. 1 (pages two through four (end))…." Again, this listing is unintelligible, as Exhibit No. 1 to the Town deposition was the deposition notice for that same deposition. Therefore, Gannett Fleming objects to the admission of this listed exhibit.

13.  As the thirty-third item on plaintiff's trial exhibit list, plaintiff lists "October 24, 1994 statement of Charles F. Jacobs, AIA (for Robert Charles Group)." This document has not yet been produced to the knowledge of Gannett Fleming or its counsel. Gannett Fleming objects to the admission of the referenced statement, on the following grounds (inter alia): as hearsay (Rule 802), as a document responsive to discovery requests that should have been produced, and as irrelevant (not having seen the statement Gannett Fleming does not know what it was) (Rule 401).

14. As plaintiff's thirty-fifth trial exhibit, he lists the "Town of Stoughton Massachusetts Request for Proposals Architectural Design Stoughton Police Station Renovation and Addition, six pages (Town deposition Exhibit No. 14)." Gannett Fleming objects to this Exhibit as irrelevant (Rule 401), having to do with an unrelated job. Gannett further objects on hearsay grounds (Rule 802).

15. As plaintiff's thirty-eighth, fortieth, forty-first, forty-third, forty-fourth, and forty-seventh trial exhibits, he lists various letters from his counsel. Gannett Fleming objects to these correspondence insofar as they are hearsay (Rules 801 and 802) or not probative of anything (Rule 401). Gannett Fleming does not object to the introduction of these documents insofar as they are used to establish notice.

16. As his forty-eighth trial exhibit, plaintiff lists "various Gannett Fleming, Inc. invoices, including invoices reflecting Town of Falmouth processing (as provided by the Town or Gannett Fleming)." Gannett Fleming has no way of knowing which documents plaintiff intends to introduce as exhibits from this description, and therefore objects to this item on plaintiff's list. Gannett has listed as one of its *own* trial exhibits, several invoices from Gannett to the Town on the subject job, by Bates numbers. Gannett does not object to admission of *these* invoices at trial.

17. As his forty-ninth item on his trial exhibit list, plaintiff lists the Gannett Fleming "project notebook." Plaintiff proposes to introduce unspecified "selected portions" of this notebook. Gannett objects to the vagueness of this item and reserves its right to object to "selected portions" on any ground, at trial.

18. Plaintiff's fiftieth trial exhibit is Bates numbered GF 139, 244-245, 394. Gannett objects to certain portions of these documents, on various grounds. First, these documents contain (sometimes double) hearsay (Rule 805); second, at least document GF 244 refers to Gannett's insurance (Rule 411); and third, plaintiff does not indicate how these documents are related (Rule 401).

Dated: 5/22/06

The Defendant,
GANNETT FLEMING, INC.

By its attorneys,

*/s/ John Barker*

Paul Michienzie, Esq. – BBO #548701
John C. Barker, Esq. – BBO #637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA  02116-2636
Tel. 617-227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 22nd day of May 2006, served a copy of the foregoing Defendant Gannett Fleming's Objection to Plaintiff's Pretrial Disclosures on all counsel of record U.S. Postage prepaid, and via being electronically mailed with the Court:

Richard M. Russell, Esq.
Heritage Place Condominium
205 Worcester Court, Unit B2
Falmouth, MA 02540

Daniel G. Skrip, Esq.
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110-1257

*/s/ John Barker*
John C. Barker

{00085205.DOC}



EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff
v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

### PLAINTIFF'S PRETRIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3)

A. The name, and if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises:

The plaintiff, Noah Greenberg

    William B. Owen, Director or former Director, Town of Falmouth, Department of Public Works, address indicated in deposition

    Jeffrey J. Alberti, project manager, Gannett Fleming, Inc., Gannett Fleming Engineers and Architects, P.C., Gannett Fleming Engineers and Planners, 150 Wood Road, Braintree, Massachusetts

**Witnesses the plaintiff may call if the need arises:**

    The keeper of the records, Town of Falmouth, Town Hall Square, Falmouth, Massachusetts

    The keeper of the records, Gannett Fleming, Inc. (or related Massachusetts corporate entity), 150 Wood Road, Braintree, Massachusetts

    Mr. Robert Whritenour, Jr., Town Administrator, Town of Falmouth, Town Hall Square, Falmouth, Massachusetts

    Frank K. Duffy, Jr., Esquire, 157 Locust Street, Falmouth, Massachusetts 02541

    Thomas A. Kahrl, Esquire, 308 Falmouth Woods Road, North Falmouth, Massachusetts 02556

**B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition, and if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

The plaintiff does not expect that any witnesses entire testimony will be presented by deposition, but he does expect to rely on stenographically recorded deposition testimony in his case-in-chief and as impeachment.

**C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises**

(1)    Certificates of Copyright VAu 566-971 & VAu 566-972

(2)    Noah Greenberg Associates architectural drawings (four pages total, one color)

(3)    August 26, 1998, correspondence of Noah Greenberg to Mr. Bill Owen, Director, Department of Public Works, project cost estimate (one page) (Town deposition Exhibit No. 10)

(4)    February 7, 2000, correspondence of Noah Greenberg to Mr. Bill Owen (one page) (Town deposition Exhibit No. 16)

(5)    Town of Falmouth Department of Public Works Request for Qualifications Architectural Design Services Public Works Maintenance Facility Addition and Renovation, May 18, 2001 (six pages plus Appendix A) (four page appendix with one color page) (Town deposition Exhibit No. 12; GF deposition Exhibit No. 4)

(6)    June 5, 2001, Gannett Fleming notes of meeting re: "Falmouth Public Works Maint. Facility," GF document number GF 00261 - 00265, four pages, selected portions (Town deposition Exhibit No. 17, GF deposition Exhibit No. 3)

(7)    June 18, 2001, correspondence of Noah Greenberg, RA, to Mr. William B. Owen, Director of Public Works, one page (Town deposition Exhibit No. 18)

(8)    June 21, 2001, Gannett Fleming Statement of Qualifications, Gannett Fleming document number 00719 - 00793 (selected portions primarily from first 11 ± pages)

(9)    January 30, 2002, correspondence of Michael E. Haire, P.E., Vice President, Gannett Fleming, to Mr. William B. Owen, P.E., Department of Public Works, two pages with four page attachment--scope of services, GF document number GF 00420 - 00425 (GF deposition Exhibit No. 8)

(10)    all contracts between the Town of Falmouth and Gannett Fleming, Inc., or Gannett Fleming Engineers and Architects, P.C., and all amendments thereto (understood to be Amendment Nos. 1, 2, and 3) and various covering correspondence regarding the exchange and execution of the same

(11) June 7, 2002, correspondence of Richard M. Russell to Mr. Donald B. Nicholas (one page with attachments) (GF deposition Exhibit No. 19)

(12) 1966 plans Falmouth Department of Public Works including but not limited to A - 1, A - 2, H - 1, and L - 1

various of Gannett Fleming proposed and final (bid set) plans including but not limited to:

(13) from November 2001: GF document numbers GF00024, 00025, 00026, 00021, (GF deposition Exhibit No. 22A - 22D) and GF 00027

(14) from January 2003: GF document numbers GF00036, 00034, 00029, 00016, 00018, 00019, 00020, 00033, 00032, 00028, 00017, 00031, 00030, 00037

(15) from February 2003: GF document numbers GF 00078 - 00083 (GF deposition Exhibit No. 26) and GF 00084 - 00087

(16) from March 2003: GF document numbers GF 00069 - 00070 (GF deposition Exhibit No. 27) and GF 00071 - 00075 and GF 00543

(17) from April 2003: GF document numbers GF 00023 and GF 00022

(18) final plans as provided by the Town of Falmouth including but not limited to: A - 100 (GF deposition Exhibit No. 21), 101, 102, 103, A - 200, 201, A - 300, AX - 501, A - 502, A 601, A 602, A 603, A 604, S 102

(19) GF elevations (color) including GF00043, GF00079-00082 and elevations provided by the Town

(20) April 1, 2003, correspondence of Donald B. Nicholas, P.E., Vice President, Gannett Fleming, Inc., to Mr. William B. Owen, P.E., Department of Public Works (one page reflecting two signatures) (Town deposition Exhibit No. 25, GF deposition Exhibit No. 28 )

(21) February 13, 2004, memorandum of William B. Owen, Director, to Robert Whritenour, Jr., Town Administrator, two pages, "Summary Cost Estimate" (GF document numbers GF 00187, 00188, 00437, 00438)

(22) December 9, 2004, memorandum of William B. Owen, Director, to Carol Martin, Town Treasurer, one page, "anticipated schedule of payments"

(23) AIA Document A101 Standard Form of Agreement Between Owner and Contractor (only one page was provided in discovery but this document is believed to consist of 13 pages)

Also expected to be referenced:

(24) photographs of completed structure
(25) chalks: comparisons of drawings
(26) defendants' interrogatory answers
(27) affidavits submitted by defendants
(28) allegations set forth in Gannett Fleming, Inc.'s, cross-claim against the Town of Falmouth

**Document or other exhibits, including summaries of other evidence, that the plaintiff may offer if the need arises:**

(29) Town of Falmouth Request for Proposals, reflecting the signature William B. Owen, P.E., Director of Public Works, 1993 (one page) (Town deposition Exhibit No. 1 (first page of))

(30) Town of Falmouth Department of Public Works Request for Architectural Consultant Services Municipal Service Maintenance Facility (three pages) (Town deposition Exhibit No. 1 (pages two through 4 (end)))

(31) February 1, 1994, correspondence of William B. Owen, Director, Department of Public Works, to Mr. Noah Greenberg, Robert Charles Group (one page) (Town deposition Exhibit No. 5)

(32) August 5, 1994, correspondence of Noah Greenberg, AIA, to Mr. William B. Owen, Director of Public Works (one page) (Town deposition Exhibit No. 7)

(33) October 24, 1994, statement of Charles F. Jacobs, A.I.A. (for Robert Charles Group)

(34) August 26, 1998, statement of Noah Greenberg Associates (one page) (with Town of Falmouth internal processing information) (Town deposition Exhibit No. 11)

(35) Town of Stoughton Massachusetts Request for Proposals Architectural Design Stoughton Police Station Renovation and Addition, six pages (Town deposition Exhibit No. 14)

(36) photograph existing conditions (Town deposition Exhibit No. 13)

(37) May 17, 2001, memorandum from William B. Owen, Director, to Heather Harper, Asst. Town Administrator and others, referencing design funding of $150,000, one page

(38) September 10, 2001, correspondence of Richard M. Russell to Mr. Robert Whritenour, Jr., Town Administrator (three pages) (it appears the original, a copy of which was provided by the Town, is unsigned)

(39) January 29, 2002, Fax Transmittal from Jeff Alberti, Gannett Fleming Engineers and Planners, to Fidaa Barbar, SAR Engineering, GF document number GF 00434 (GF deposition Exhibit No. 10)

(40)    June 7, 2002, correspondence of Richard M. Russell to Mr. Robert Whritenour, Jr., Town Administrator (three pages) (it appears the original, a copy of which was provided by the Town, is unsigned)

(41)    August 6, 2002, correspondence of Richard M. Russell to Frank K. Duffy, Jr., Esquire (two pages)

(42)    February 11, 2003, Fax Transmittal of Jeff Alberti to John Masland, regarding boring locations, three pages (GF document numbers GF 00363 - 00365)

(43)    May 22, 2003, correspondence of Richard M. Russell to Mr. Robert Whritenour, Jr., Town Administrator (one page) (it appears the original, a copy of which was provided by the Town, is unsigned)

(44)    May 22, 2003, correspondence of Richard M. Russell to Frank K. Duffy, Jr., Esquire (one page)

(45)    January 15, 2004, correspondence of Richard M. Russell to Frank K. Duffy, Jr., Town Counsel (one page)

(46)    January 28, 2004, memorandum of Jeff Alberti to Paul D. Smith and others, one page, regarding Howe Engineering report (GF document number GF 00190 and perhaps Howe Report, ten pages, GF 00195 - 00204)

(47)    March 15, 2004, correspondence of Richard M. Russell to Edward J. DeWitt, Esquire, Office of the Town Counsel (two pages)

(48)    various Gannett Fleming, Inc., invoices, including invoices reflecting Town of Falmouth processing (as provided by the Town or Gannett Fleming)

(49)    GF project notebook, GF document number GF 00274 et. cet. (selected portions) (GF deposition Exhibit No. 20)

(50)    GF document numbers GF 00139, 00244 - 00245, 00394 (GF deposition Exhibit No. 30)

(51)    existing conditions plan GF 00015, 00035

                                                    Respectfully submitted,
the plaintiff,
Noah Greenberg,
by his attorney,

_____
Richard M. Russell
Heritage Place Condominium
205 Worcester Court • Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
Dated: May 8, 2006                                BBO No. 561997

## CERTIFICATE OF SERVICE

I hereby certify that the Plaintiff's Pretrial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(3), filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies need not be sent because all parties are represented by registered participants.

Respectfully submitted,
the plaintiff,
Noah Greenberg,
by his attorney,

Richard M. Russell
Heritage Place Condominium
205 Worcester Court • Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997

Dated: May 8, 2006