UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff
v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

**JOINT PRETRIAL MEMORANDUM OF PLAINTIFF NOAH
GREENBERG AND DEFENDANT GANNETT FLEMING, INC.**

Now come the plaintiff, Noah Greenberg, and Defendant and cross-claimant Gannett Fleming Engineers & Architects, PC, [1] pursuant to U.S. District Court Local Rule 16.5(D), and hereby submit this Joint Pretrial Memorandum. The parties to this pretrial memorandum have attempted to obtain the contributions of the defendant Town of Falmouth but have been unable to do so at the time of filing.

**(1) Concise Summary of the Evidence That Will be Offered by the Parties:**

(a) **Plaintiff's statement**: The plaintiff expects to establish that he created architectural drawings in 1994 and 1998 and that in 2003 and 2004 the defendant Gannett Fleming, Inc., created drawings that were derivative of the plaintiff's drawings, constituting copyright infringement. The respective sets of drawings will be offered. The plaintiff's evidence will include evidence that the defendant Gannett Fleming was in possession of the plaintiff's drawings and created modifications and or elaborations of the plaintiff's drawings, relocating the design reflected in the plaintiff's drawings to account for a change of intent relative to demolishing part of the existing building. Evidence of access is admitted. The evidence will include statements of the defendants' intent to use and modify the plaintiff's drawings, both from statements made by representatives of the Town of Falmouth and in writings prepared by Gannett Fleming, Inc. The plaintiff will show that the defendant Town of Falmouth controlled the preparation of the infringing design, and is thus a direct infringer, and committed a contributory infringement by paying Gannett Fleming to modify the plaintiff's drawings and by agreeing to indemnify Gannett Fleming for any liability for infringement. The evidence will show that the defendants were aware that the plaintiff reserved all rights in his intellectual property, from multiple correspondence authored by the plaintiff and his counsel, and that both infringements were intentional.

---

[1] The named Defendant in this case is Gannett Fleming, Inc. However, the contract between Gannett and the Town of Falmouth was with Gannett Fleming Engineers and Architects, PC, and that is the corporate entity that performed the design services on the subject job. Thus, Gannett Fleming, Inc. is a misnomer. **Plaintiff's response**: Plaintiff states that the contracting party was Gannett Fleming, Inc., and the relevant contract was singed by an officer of Gannett Fleming, Inc.

The plaintiff will introduce the defendant Gannett Fleming's revenues as provided in discovery. The plaintiff will testify to his lost revenues and lost profits, including revenues calculated based upon a percentage of the costs of the construction of the project represented in the respective drawings and|or based upon the fees paid to or agreed to be paid to Gannett Fleming. The plaintiff will introduce the defendant's progress drawings to establish the date of infringement for the purpose of statutory damages.

(b) **Defendant Gannett Fleming's statement:**

**(i) Liability**

Gannett Fleming did not copy plaintiff's preliminary plans for the subject DPW job. Gannett will offer evidence that it designed its *own* plans, which are very different from plaintiff's, for this job. The evidence includes, but is not limited to, the following: Gannett applied for an advertised job, and was awarded the contract through a competitive bidding process (which plaintiff could have participated in but did not). As part of that bidding process, the Town sent plaintiff's preliminary plans to Gannett, even though Gannett did not request those plans. Gannett's project manager Jeffrey Alberti looked at these preliminary plans cursorily because the Town asked Gannett to; however, Alberti did not like many aspects of plaintiff's plans, and as of the 1/28/02 meeting with the Town's Bill Owen, obtained the Town's permission *not* to use Greenberg's plans. Gannett never used plaintiff's plans, and designed its own plans from scratch.

Gannett will also offer evidence indicating that any similarities between the two sets of plans are either because the Town wanted some feature a particular way; because the site geography dictated that a feature be that way; or because functional considerations dictated that a feature be that way. An example of a feature the Town wanted is the green metal roof for the job, which roof the Town chose from the beginning and requested from both architectural firms. An example of a feature that geography itself dictated is the location of the public-access and administrative offices in the *front* of the site, and the vehicle storage, garage, and maintenance space in the *back* of the site. First, the Town instructed both architects to keep this layout. Second, even plaintiff has acknowledged the practicality of this arrangement of having the public-access areas in the front. Thus, this general layout (offices in the front, garages and service shops in the back) is not a copyright infringement, as this layout is a practical aspect of design dictated by the site itself. Finally, an example of the functional design features are the much-touted 45° angles at certain corridor intersections of Gannett's plans. This is a feature Gannett included in order to avoid pedestrian collisions, especially where the corridors in its plans are narrower for practical reasons. The angles actually appear in different places on the two sets of plans, but more importantly, basic geometric shapes are not sufficiently original for copyright protection. [2]

---

[2] Yankee Candle Co.,Inc. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 35 (1st Cir. 2001), *citing* Atari Games Corp. v. Oman, 979 F.2d 242, 247 (D.C. Cir. 1992), *and* Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541, 545 (2d Cir. 1959), *and* Williams S. Geiger Corp. v. Gigi Accessories, Inc., 1997 WL 458668, *2 (S.D.N.Y. 1997). This Court agreed with this position, in its 2/8/06 decision on the Preliminary Injunction, in which it found that the 45° angles should not be

When all these functional or otherwise non-protectable elements are removed from the analysis comparing the two sets of plans, even fewer similarities remain. Gannett will offer evidence that these two sets of plans envision very different buildings, with completely different footprints, sizes (square footage), and dimensions, and with completely different layouts of rooms, walls, and number of rooms internally. In short, Gannett will offer evidence showing that it did not infringe plaintiff's copyrights.

**(ii)   Damages**

For the reasons set forth below under "(6) issues of law, including evidentiary questions," plaintiff will not be entitled to either statutory damages or attorney's fees, because of the effect of 17 U.S.C. §412. Gannett will offer evidence that the alleged infringement, according to plaintiff's own documents, began well before plaintiff registered his copyrights.

This leaves plaintiff (if successful on liability) with actual damages. Actual damages for copyright infringement can be measured either by defendant's (the alleged infringer's) actual profits on the job, or by the profits that plaintiff proves he or she would have made on the job but for the infringement. *See, e.g.,* Robert R. Jones Associates, Inc. v. Nino Homes, 858 F.2d 274, 281 (6th Cir. 1988). Gannett will offer evidence that it *lost* money on the job, so plaintiff must prove the profits plaintiff would have made if his drawings had been used for the job. Gannett submits that plaintiff will not be able to meet this burden.

**(iii)   Indemnification of Gannett by the Town**

Gannett will offer evidence that it is entitled to indemnification from the Town. When plaintiff's counsel had indicated plaintiff's intention to pursue copyright infringement against Gannett and/or the Town, Gannett wrote to the Town on 4/1/03 seeking the Town's indemnification of Gannett for any claims by Greenberg in connection with the subject DPW job. Specifically, that 4/1/03 letter from Donald Nicholas of Gannett, to Falmouth's DPW Director William Owen,[3] stated as follows:

> Consequently, Gannett Fleming is requesting that the Town of Falmouth hold Gannett Fleming harmless for any claims that Noah Greenberg Associates may bring against Gannett Fleming pertaining to this project. *** If you are in concurrence, please sign below and return one copy for our files. Should you have any questions or comments, please do not hesitate to call.

---

considered in the second step--the "substantial similarity" step of the analysis--because they are not protected "expressions" that can be infringed. Memorandum and Order of 2/8/06, p.6.

[3] This signed letter, executed by the Town's Director William Owen is Gannett's trial exhibit 33 and the Town's trial exhibit 14.

Gannett will offer evidence that William Owen had the requested authority to agree to indemnify Gannett and that, in any event, the Town is either estopped from denying this indemnification, or ratified it by never objecting to it or withdrawing it.

Based on this 4/3/03 indemnification of Gannett by the Town, Gannett has cross-claimed for indemnification against the Town in this case. Gannett asserts that it should be entitled to its defense costs[4] for the litigation, and also to any share of any judgment against Gannett in plaintiff's favor (if any).

**Plaintiff's response**: In a copyright case, a plaintiff need not prove damages with precision. The plaintiff disputes that a corporate infringer may claim as expenses payments to its employees who committed an intentional infringement; or, if it may, the plaintiff, if successful, may bring a second action against the individuals, who will be able to claim little or no expenses. The plaintiff disputes that Gannett Fleming can prove that it lost money on this job because it has failed to identify documents|exhibits necessary to prove its expenses.

(c) **Town of Falmouth**:

**(2) The Facts Established by Pleadings or by Stipulation or Admissions of Counsel:**

The parties expect to have a number of stipulated facts by the date of pretrial conference for submission at that time. At this time they have agreed to the following:

1. In or about 1993, the Town of Falmouth sought to improve its Department of Public Works ("DPW") service and maintenance and office facility building at 416 Gifford Street in Falmouth, MA. Toward this end, Falmouth advertised for design services, through the Central Register, for the subject site.

2. At that time, the Town hired either Noah Greenberg or the Robert Charles Group ("RCG") to provide architectural consultant services for the DPW project.

3. The Town paid either Greenberg or RCG about $7,800 for providing architectural consultant services.

---

[4] "It has long been held… that when a right to indemnity is conferred, by written contract or otherwise, the indemnitee may recover reasonable legal fees and costs incurred in resisting a claim within the compass of the indemnity." Amoco Oil Co., Inc. v. Buckley Heating, Inc., 22 Mass.App.Ct. 973, 973, 495 N.E.2d 875 (1986); *accord*, Santos v. Chrysler Corp., 430 Mass. 198, 217, 715 N.E.2d 47 (1999); Slocum v. Donahue, 44 Mass.App.Ct. 937, 939, 693 N.E.2d 179, *rev. denied*, 427 Mass. 1108, 700 N.E.2d 268 (1998). Therefore, if Gannett recovers indemnification generally from Falmouth, Gannett would specifically include its defense fees and costs in that amount.

4. In 2001, when the Town authorized additional funding for the DPW project, it advertised the project in the Register.

5. Gannett Fleming won a competitive bidding process for the subject project in 2001. Greenberg did not bid during this competitive process in 2001.

6. As part of the process in 2001, the Town sent Gannett Fleming and other design/architectural firms copies of Greenberg's plans, as part of the Town's Request for Proposals (solicitation) packets. Gannett Fleming did not *ask* for copies of Greenberg's plans.

7. By letter from plaintiff's counsel dated 6/7/02, to Gannett Fleming, Gannett received notice of plaintiff's reservation of all rights in his copyright protected drawings..

8. Plaintiff Greenberg obtained copyright registration for his drawings on 2/2/03 and for the architectural work on 4/11/03. [5]

**(3) Contested Issues of Fact**:

**Plaintiff's statement**:

Whether the defendants' drawings constitute infringement.

Whether the plaintiff granted an implied license.

**Defendant Gannett Fleming's statement**:

The primary issue in this case is whether plaintiff can meet his burden of proof to show copying by showing "substantial similarity" between the two sets of plans for the subject job. To the extent that this alleged "substantial similarity" is a question of fact and cannot be decided in Gannett's favor as a matter of law under the "ordinary observer" test, this similarity between the two plans is the central contested issue of fact.

The calculation of plaintiff's alleged lost-profits damages will present contested issues of fact in this case. Plaintiff will be unable to meet his burden of showing the profits he would have made had his preliminary plans, much smaller in scope, been utilized for the subject job.

**Plaintiff's response**:

Because this is a derivative work case, the plaintiff posits that the standard for infringement is whether the defendants' modified his design, the definition of derivative work, and that substantial similarity is not necessary, thought the plaintiff fully expects to meet that standard.

---

[5] Greenberg's copyright registrations are at Gannett's trial exhibit 28.

**(4) Jurisdictional Questions**:

None.

**(5) Any Questions Raised by Pending Motions**:

The plaintiff's motion for summary judgment and the defendant Gannett Fleming's cross-motion for summary judgment are pending.

**Defendant Gannett Fleming's statement**:

Plaintiff's Summary Judgment Motion, and Gannett Fleming's Cross-Motion for Summary Judgment, are both still pending. Gannett's Opposition and Cross-Motion were filed on 2/16/06.

The primary issue in this case is whether Gannett's plans are "substantially similar" to Greenberg's preliminary plans. Gannett has argued in its Opposition to plaintiff's summary judgment motion, that the "ordinary observer test" used (in part) to determine "substantial similarity" raises at least questions of fact as to the "substantial similarity" between the respective set of plans. However, in the alternative, Gannett has argued that because the plans are *so* dissimilar and because any similarities are ones of functionality rather than design, this Court could decide in defendants' favor as a matter of law. Courts have decided copyright cases in defendants' favor on summary judgment on analogous "substantial similarity" issues. *See, e.g.,* Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 33 (1st Cir. 2001); O'Neill v. Dell Publishing Co., Inc., 630 F.2d 685, 685-87 (1st Cir. 1980).

**(6) Issues of Law, Including Evidentiary Questions, Together With Supporting Authority:**

**Plaintiff's Statement**:

**Judicial admission**: The plaintiff contends that the defendant Gannett Fleming's allegations in its cross-claim, that it relied on statements that the plaintiff's plans should be reviewed in making new plans for the subject project, is binding. Schott Motorcycle Supply, Inc. v. American Honda Motor Company, 976 F.2d 58, 61 (1st Cir. 1992) (assertion of fact in pleading binds party).

**What evidence is relevant to infringement**: The plaintiff posits that copyright protects the design of a building, and issues such as the larger size of a defendants' drawings or how it programmed this larger size or where the depicted structure sits on a site are irrelevant. See Goldstein on Copyright, §9.3.1 (Aspen Pub. 3rd ed. 2005): "It is axiomatic that a defendant's liability for copyright infringement turns on how much he has copied from the plaintiff's work and not on how much original, uncopied expression he has contributed himself. Courts have followed this rule in cases where the defendant included a few lines copied verbatim from the plaintiff work in his own much longer work, and in cases in which the defendant did not copy verbatim but rather dipped beneath the surface of the plaintiff's work to borrow protected narrative, incident or characterization, and then embellished these with his own original expression. The rule in both types of cases is that

liability will turn on what the defendant has taken and not on what he has added . . . . [¶] Just as a defendant's liability will not be affected by the proportion that the elements taken bear to his work as a whole, so the defendant's liability should be unaffected by the proportion the elements taken bear to the plaintiff's work as a whole . . . ."

**Dissection**: The plaintiff suggests that dissection is improper as to architectural plans. The copyright act provides expressly protection for plans depicting the design of a building. The design is made up of walls, doors, and windows. Dissection is not possible.

**Merger**: Presumably any claim of merger would require expert testimony and the defendants have identified no experts.

**Designer Selection Statute**: The Town of Falmouth has posited that the designer selection statute is relevant to the issue of implied license. The plaintiff suggest that this evidence requires as a foundation that the plaintiff was aware of the statute at the time the plaintiff's drawings were created and also requires expert testimony, which has not been identified. Similarly, the town's more recent experience under the statute is irrelevant on the issue of the plaintiff's intent to grant a license in 1994. Further, those participating for the town did not even believe that the designer selection statute was relevant.

**Defendant Gannett Fleming's Statement (interspersed with plaintiff's responses):**

**(i) The Legal Issue of Substantial Similarity**

The central legal issue in this case is whether the two respective sets of plans (plaintiff's and Gannett's) were "substantially similar," as that analysis is set forth in this Court's 2/8/06 ruling on the Preliminary Injunction in this case, citing to Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 33 (1st Cir. 2001), *and* Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir.), *opinion after remand aff'd*, 867 F.2d 606 (1st Cir. 1988); *accord*, Walker v. Timeline Films, Inc., 784 F.2d 44, 51-52 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986).

**Plaintiff's response**: The analysis set forth in Yankee Candle Co. is inapplicable to architectural drawings.

**(ii) The Indemnification Cross-Claim by Gannett Against the Town of Falmouth**

As stated above, Gannett contends that the Town agreed to indemnify Gannett in its April 2003 communication, signed by the Town's representative, William Owen. Gannett will offer evidence that William Owen had the actual authority to enter into the indemnification agreement with Gannett on this subject job. Further, Gannett will show that the Town is estopped from denying Owen's authority to enter into this agreement where the Town assigned Owen as its agent to deal with Gannett on the subject job, such that the Town cannot then deny a binding contract into which that agent entered into on behalf of that principal. *See, e.g.,* Cellucci v. Son Oil Co., 2 Mass.App.Ct.

722, 732, 320 N.E.2d 919 (1974), *aff'd*, 368 Mass. 811, 331 N.E.2d 813 (1975).[6] Gannett will offer evidence that the situation in this matter favors estoppel, even according to the policy reasons against such estoppel articulated in Harrington v. Fall River Housing Auth., 27 Mass.App.Ct. 301, 308, 538 N.E.2d 24 (1989). Finally, because Town counsel received actual timely notice of the indemnification agreement between the Town and Gannett, the Town was under a duty to object to or otherwise disavow this indemnification. Gannett will offer evidence that the Town ratified the indemnification agreement by its agent, acting for his principal. *See, e.g.,* Indian Head National Bank of Nashua v. Clark, 166 Mass. 27, 30, 43 N.E. 912 (1896).  Here, once the principal/Town had notice of its agent's action it had a duty to disaffirm or disavow such action done in its name by its agent, and its failure to object to or disavow the indemnification constitutes ratification thereof. *See* Rex Lumber Co. v. Acton Block Co., Inc., 29 Mass.App.Ct. 510, 517, 562 N.E.2d 845 (1990), *citing* Irving Tanning Co. v. Shir, 295 Mass. 380, 384, 3 N.E.2d 841 (1936).

### (iii) Plaintiff Should Be Estopped From Arguing That Evidence Is Precluded Because Defendants Did Not Disclose any Expert Witness

In plaintiff's objections to Gannett's proposed trial exhibits and in plaintiff's pre-trial memorandum, plaintiff suggests that certain evidence to be offered by Gannett will be barred because Gannett has not disclosed any expert witness. Plaintiff should be estopped from making this argument, as plaintiff himself has argued that expert witnesses are not allowed in this case. In plaintiff's own expert disclosure filing, he argued that expert testimony is not permissible in a case such as this that turns on the "substantial similarity" issue, *citing* Segrets, Inc. v. Gillman Knitware Co., Inc., 207 F.3d 56, 66 n.11 (1st Cir.), *cert. denied*, 531 U.S. 827 (2000).  Specifically plaintiff stated in his expert disclosures of 9/21/05: "since the remaining element of the plaintiff's case, substantial similarity, is not the subject of expert testimony,… the plaintiff does not expect that experts will be retained or employed." Although Gannett partly disagrees with plaintiff's legal principles here,[7] regardless, plaintiff cannot now be heard to cite defendants' lack of testifying experts (plaintiff did not identify any testifying expert either), as grounds to preclude certain evidence to be introduced by Gannett.

Moreover, the proposed items of evidence that plaintiff claims require expert testimony, do not. For example, Gannett will show through its percipient witnesses, with engineering or related experience, that the site had certain physical and geographical limitations that circumscribed the

---

[6]  The case that the Town has cited in previous briefs, McAndrew v. School Committee of Cambridge, 20 Mass.App.Ct. 356, 480 N.E.2d 327 (1985), is inapposite (inter alia) because the McAndrew case is based on a specific statute concerning the exclusive authority of local school committees to hire and fire teachers. Id. at 359-61.

[7]  Plaintiff cited the footnote in Segrets incorrectly for the principle that expert testimony will not be permitted in this case, whereas both Segrets and Concrete Machinery hold that expert testimony is precluded from the *second* of the two prongs of the analysis of copying in a copyright case.  *See* Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 608 (1st Cir.), *opinion after remand aff'd*, 867 F.2d 606 (1st Cir. 1988).

available design options for the building(s) to be built on that site. Jeffrey Alberti, the Gannett Project Manager for the subject job, is qualified to testify on these matters, not as an expert but as the Project Manager who (largely) designed the building and supervised its construction.

**Plaintiff's response**: The plaintiff timely identified himself as a potential expert and identified the areas to which he expected to provide expert testimony. The plaintiff's observation about the state of expert testimony **related to his case** in no way permits the defendant to secret the expert testimony it intends to present in its case. Engineering testimony is unquestionably expert testimony.

**(iv) Gannett Anticipates That Plaintiff Will Attempt to Use Certain Language from Gannett's Cross-Claim Against the Town as the Equivalent of a "Judicial Admission" Against Gannett; But Plaintiffs Should Not Be Permitted to Do This, and Gannett Is Permitted to Plead in the Alternative**

Throughout this case, in motion briefs, plaintiff has attempted to use an isolated paragraph from Gannett's cross-claim against the Town in this case as, in effect, a "judicial admission" against Gannett. First, Gannett is permitted to plead in the alternative (pleading, in effect, that *if* Gannett is found liable to plaintiff, then Gannett will look to the Town to indemnify Gannett totally or to contribute a share of the liability to plaintiff). Labelling such pleading-in-the-alternative as an admission would effectively eliminate all cross-claims. Second, plaintiff has mischaracterized what Gannett's cross-claim says here. Gannett's cross-claim against the Town for contribution and indemnification includes the following paragraph:

> 4. Gannett Fleming and Falmouth also have a special relationship as to this particular project, based on Gannett Fleming's reliance on Falmouth's provision of Plaintiff's plans and on statements that Plaintiff's plans should be reviewed in making new plans for the subject job. Therefore, Falmouth owes Gannett Fleming a duty of implied contractual indemnification in this case.

This paragraph speaks of reliance on "Falmouth's *provision* of Plaintiff's plans and on statements that Plaintiff's plans should be reviewed in making new plans"; it says nothing about relying on plaintiff's plans themselves. As discussed, Gannett did not rely on plaintiff's plans in making its own plans. Gannett rejected plaintiff's initial plans early in the project.

**Plaintiff's response**: This allegation is a matter of fact within the defendant's knowledge, what the defendant relied upon. While a defendant may plead in the alternative (e.g., the parties had a meeting of the minds but even if they did not the plaintiff is entitled to recover in quantum meruit) a party may not present evidence directly contrary to its pleadings. The defendant's state law authorities are misplaced. State law prohibits the defendant's change of position. See M.G.L. ch. 231, § 87 ("In any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them.").

9

### (v) Calling Plaintiff One of the "Most Knowledgeable Persons," Does Not Indicate That Gannett Copied Plaintiff's Plans.

Plaintiff has alleged repeatedly in briefs that because Gannett responded to plaintiff's interrogatory calling for "persons most knowledgeable" concerning factual allegations in the case, with plaintiff's own name (among many others), this somehow indicates that Gannett copied plaintiff's plans. In fact, Gannett's counsel, in drafting this interrogatory answer listed first those persons from Gannett, next those persons from the Town, next those persons from plaintiff's side of the case, and finally Gannett's sub-consultants and their personnel, who might have knowledge concerning the factual allegations in the case. Gannett's interrogatory response was intended to provide as complete a list as possible of persons with knowledge concerning the allegations in the lawsuit, but it was not intended to imply that Greenberg had knowledge of Gannett's architectural plans because those plans were actually Greenberg's preliminary plans in disguise.[8] Such an admission would be anomalous and inconsistent with all of Gannett's contentions in this case. Thus, plaintiff should be precluded from using this excerpt from Gannett's interrogatory answer as such an admission.

**Plaintiff's response**: The defendant has mischaracterized the relevant interrogatory. It does not ask for persons knowledgeable about the disputed fact, but specifically and unequivocally asks only about Gannett Fleming's preparation of plans. The plaintiff is entitled to present the defendant's interrogatory answers to the jury.

### (vi) Plaintiff Is Not Entitled to Recover Either Statutory Damages or Attorneys' Fees, Because of the Effect of 17 U.S.C. §412.

In this matter, plaintiff accused both the Town and Gannett Fleming of infringing his copyrights back in 2001, but he did not register those copyrights until 2003. His Complaint (¶16) alleges copyright violations when the Town originally sent his preliminary plans out with its RFQ, to designers including Gannett Fleming. His cease-and-desist letter to the Town of 9/10/01, and his notification letter to Gannett Fleming of 6/7/02, both alleged the copyright infringement that forms the basis for his claims herein. These and other documents demonstrate that Greenberg was aware of the alleged infringement long before he registered his copyrights (he registered one copyright on 2/3/03, and the other on 4/11/03).

Section 412 bars recovery of statutory damages (under §504) and/or attorney's fees (under §505) for "any infringement of copyright in an unpublished work commenced before the effective date of its registration…." Case law applying §412 has consistently barred both statutory damages and attorney's fees where the infringement started before the registration, even if the infringement continued after the registration. Innovative Networks, Inc. v. Young, 978 F.Supp. 167, 175 (S.D.N.Y.

---

[8] Plaintiff, that is, is knowledgeable about his own allegations and contentions in this case concerning his plans and Gannett's plans for the subject job. He or his counsel must have had some knowledge of Gannett's plans in order to bring the lawsuit in the first place, under the requirements of F.R.C.P. 11.

1997), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *accord,* Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106, 1111 & n.3 (1st Cir. 1993); Mason v. Montgomery Data, Inc., 967 F.2d 135, 144 (5th Cir. 1992); Singh v. Famous Overseas, Inc., 680 F.Supp. 533, 536 (E.D.N.Y. 1988).

If there was any infringement here, which defendants vigorously deny, that infringement began in 2001, almost two years *before* plaintiff bothered to register his copyrights in 2003 (see above). Therefore, plaintiff is not entitled to recover statutory damages or attorney's fees under the Copyright Act.

**Plaintiff's response**: The plaintiff's complaint alleges two separate infringements: infringement by reproduction and a later infringement by creating a derivative work. The plaintiff's year 2000 letter to Gannett Fleming was a reservation of rights letter and did no accuse Gannett Fleming of an infringement but implored it not to use his designs. The plaintiff expects to prove that the infringement by creating a derivative work began between February 19, 2003, and March 31, 2003, after his floor plans were registered.

### (vii) Gannett Asks that the Court Preclude any Evidence of Gannett's Liability Insurance.

Gannett will ask in another Motion in Limine, that this Court preclude any evidence of, or reference to, the fact that Gannett has liability insurance, pursuant to Fed. Rule Evid. 411. Evidence of Gannett's liability insurance would be inappropriate, without probative value, and would be substantially and unfairly prejudicial to defendant. "A plaintiff ordinarily may not show that the defendant is insured against liability." Goldstein v. Gontarz, 364 Mass. 800, 808, 309 N.E.2d 196 (1974). This is "because it is not itself probative of any relevant proposition and is taken to lead to undeserved verdicts for plaintiffs and exaggerated awards which jurors will readily load on faceless insurance companies…." Id. Therefore, Gannett will ask for an Order precluding any evidence of its liability insurance.

**Plaintiff's response**: The plaintiff believes that Gannett Fleming's insurance, similar to its indemnification from the town, led it to believe it was isolated from exposure, and is relevant to intentional infringement.

### (7) Requested Amendments to the Pleadings:

None.

**Gannett Fleming's statement**: Gannett does not plan any amendments to the pleadings. Gannett objects to any amendment by plaintiff at this late stage of litigation, long after discovery, because plaintiff had ample opportunity to propose any such amendment and because Gannett would be prejudiced thereby at this stage of the case, just before trial.

**(8) Additional Matters to Aid in the Disposition of the Action:**

The parties have agreed that documents exchanged in discovery and identified as agreed or contested exhibits may be deemed authentic, though challenges to admissibility on other grounds as to contested exhibits is not waived.

**Gannett Fleming's statement**: Both Gannett Fleming and the Town request a jury site visit. Plaintiff opposes the jury visit. Gannett and the Town believe that seeing the actual building, and being able to compare the actual walls with those appearing on the various sets of plans at issue, would greatly assist the fact-finder in this case. The jury could also envision the physical and geographical limitations at the site -- see where the salt shed is located, for example.

**Plaintiff's response**. What is protected are the plaintiff's drawings and what are infringing are the defendants' drawings, the building is irrelevant. Any purported site limitations can be explained by existing conditions plans. A view is an unproductive use of time and unnecessary, especially when the purpose of the view goes to irrelevant items such as the size of the defendants' building and its location on the site.

**(9) The probable length of Trial:**

The parties anticipate the trial will last at least the first week, and believe that it may spill over into the second week.

**(10) The Names, Addresses, and Telephone Numbers of Witnesses to be Called (Expert and Others) and Whether the Testimony of any Such Witness is Intended to be Presented by Deposition:**

**Plaintiff's statement**:

Noah Greenberg, 22 Beebe Acres Road, Falmouth, Massachusetts

William B. Owen, Director or former Director, Town of Falmouth, Department of Public Works, 89 Pinehurst Drive, Buzzards Bay, Massachusetts 02532

Jeffrey J. Alberti, Weston & Sampson Engineers, Inc., 100 Foxboro Blvd., Suite 250, Foxboro, Massachusetts

The plaintiff reserves the right to call any witness identified by the defendants.

While the plaintiff does not expect to present any witness' testimony entirely by deposition, the plaintiff expects to use the defendants' depositions both in impeachment and in his case-in-chief as admissions of a party opponent.

**Gannett Fleming's statement:**

None of the parties has identified/disclosed any expert witness(es). Further, all three parties have stated in their Rule 26(a)(3) disclosures that they do not intend to present any witness solely by their deposition testimony. Gannett reserves its right to introduce deposition testimony during trial, for the purposes of impeachment or rebuttal or refreshment of recollection, from any of the three witnesses deposed in this case (plaintiff Greenberg, Gannett's Jeffrey Alberti, and the Town's William Owen).

Gannett intends to call the following witnesses at trial:

Jeffrey Alberti, Weston & Sampson Engineers, Inc., 100 Foxboro Blvd., Suite 250, Foxboro, MA 02035.

Donald Nicholas, Gannett Fleming, 150 Wood Road, Suite 400, Braintree, MA 01284.

Plaintiff Noah Greenberg, 22 Bee Bee Acres Road, Falmouth, MA 02540 (or through plaintiff's counsel).

William Owen, Town of Falmouth, Town Hall Square, Falmouth, MA 02540 (or through Falmouth's counsel)

In addition, Gannett reserves its right to call any witness called by another party in this case, or any rebuttal witness, or the following possible witnesses for Gannett:

Michael Haire, Gannett Fleming, 150 Wood Road, Suite 400, Braintree, MA 01284.

Heather Harper, Town of Falmouth, Town Hall Square, Falmouth, MA 02540 (or through Falmouth's counsel).

Frank Duffy, Esq., 157 Locust Street, Falmouth, MA 02541 (or through Falmouth's counsel).

**Plaintiff's response**: The plaintiff disputes that he has not identified an expert witness.

`       **(11) The Proposed Exhibits:**

**Plaintiff's statement**: Proposed exhibits are identified on the parties' respective pretrial disclosures. Many are the same. The parties expect to assemble agreed upon exhibits and a small list of contested exhibits.

**Defendant Gannett Fleming's statement**: Gannett incorporates by reference, as if fully set forth herein, its exhibit list in its Rule 26(a)(3) disclosures, filed with this Court on 5/19/06. In these 26(a)(3) disclosures, Gannett Fleming identified 55 proposed trial exhibits. Gannet reserves its right to introduce any exhibit listed by another party hereto.

**(12) The Parties Respective Positions on any Remaining Objections to the Evidence Identified in the Pretrial Disclosures:**

**Plaintiff's statement**: According to the plaintiff's calculation, pursuant to local rule 16.5, pretrial disclosures were to be made by May 8 or May 9, 2006, and the plaintiff made his disclosures on May 8, 2006. The Town of Falmouth made disclosures at 4:26 p.m. on May 19, 2006, and Gannett Fleming, Inc., made its disclosures at 6:11 p.m. on May 19, 2006, which effectively was not a filing until the following Monday, May 21, 2006. Gannett Fleming also filed objections to the plaintiff's disclosures at 6:01 p.m. on May 22, 2006, effective May 23, 2006, 15 days following service of the plaintiff's disclosures. The result is that the defendants have had substantial time to consider the documents the plaintiff has proposed and possible objections thereto, but the plaintiff has been afforded only days, interrupted by the long holiday weekend, to undertake the same exercise. The plaintiff requests leave to interpose late objections, given the substantially abbreviated opportunity the plaintiff has been afforded for this exercise, all contrary to local rule. To preserve his rights, the plaintiff has attached possible objections, but many may be resolved prior to the pretrial conference, in which case a revised, probably joint, list will be filed.

**Defendant Gannett Fleming's statement**:

Gannett Fleming objects to exhibits by plaintiff on the same grounds as contained in Gannett's 5/22/06 Objections to Plaintiff's Pre-Trial Disclosures, as set forth more fully in that pleading filed on 5/22/06. More generally, Gannett objects to exhibits that are not specifically described and that have not been produced to Gannett's counsel (including but not limited to, plaintiff's exhibits 24 and 25, which are merely described as "photographs of completed structure" and "chalks: comparison of drawings"). Gannett also objects to introduction of interrogatory answers and/or affidavits except as party admissions or for the purposes of impeachment. Gannett further objects to the specified letters from plaintiff's counsel to the Town or to Gannett, to the extent that they are used for hearsay purposes (to argue the legal or factual points asserted within those same letters), although Gannett does not object to introduction of such letters for the purpose of establishing notice.

In plaintiff's Pre-Trial Memorandum and in plaintiff's objections to Gannett's pre-trial disclosures, plaintiff has objected to the purported lateness of Gannett's disclosures and Gannett's objections. Gannett moved to make its pre-trial disclosures by 5/19/06, which deadline it met. Plaintiff filed his pre-trial disclosures on 5/8/06, and Gannett had two weeks within which to object to these disclosures (by 5/19/06). Plaintiff in turn filed his objections to Gannett's pre-trial disclosures on 5/31/06, the same number of days after plaintiff had received Gannett's pre-trial disclosures; thus, plaintiff had approximately the same amount of time within which to object to Gannett's pre-trial disclosures at Gannett had to object to plaintiff's pre-trial disclosures. Gannett does not object to plaintiff's pre-trial disclosures on lateness grounds, but reserves it right to object to any *further* such disclosures on these grounds.

The parties will continue to discuss objections to trial exhibits and witnesses, and also contented issues of law and fact, up to the time of the pre-trial conference on 6/8/06. The parties will attempt to narrow the evidentiary and other issues in this case.

**Plaintiff's response**: The plaintiff forwarded draft chalks (which are not exhibits) on May 27, 2006, and will forward again if the defendants did not receive these.

Respectfully submitted,

                                          the plaintiff,
Noah Greenberg,
by his attorney,

_____
Richard M. Russell
Heritage Place Condominium
205 Worcester Court • Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997

| the defendant, | the defendant |
| --- | --- |
| Gannett Fleming, Inc. | Town of Falmouth |
| by its attorneys, | by its attorney, |

| /s/ John C. Barker by RMR with permission | not participating in this submission |
| --- | --- |
| Paul Michienzie, Esq. BBO 548701 | John J. Davis, BBO 115890 |
| John C. Barker, Esq. BBO 637406 | Daniel G. Skrip, BBO 629784 |
| Michienzie & Sawin, LLC | Ten Winthrop Square |
| 745 Boylston Street, 5th Floor | Boston, MA 02116-2636 |
| Boston, MA 02110 | (617) 350-0950 |
| Tel. 617-227-5660 | |

Dated: June 1, 2006