UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION No. 04-11934-GAO

NOAH GREENBERG,
    Plaintiff
v.

TOWN OF FALMOUTH and
GANNETT FLEMING, INC.,
    Defendants

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PRETRIAL DISCLOSURES and PLAINTIFF'S RESPONSE TO DEFENDANT GANNETT FLEMING'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES**

    General Objection (to be included in joint pretrial memorandum): According to the plaintiff's calculation, pursuant to local rule 16.5, pretrial disclosures were to be made by May 8 or May 9, 2006, and the plaintiff made his disclosures on May 8, 2006. The Town of Falmouth made disclosures at 4:26 p.m. on May 19, 2006, and Gannett Fleming, Inc., made its disclosures at 6:11 p.m. on May 19, 2006, which effectively was not a filing until the following Monday, May 21, 2006. Gannett Fleming also filed objections to the plaintiff's disclosures at 6:01 p.m. on May 22, 2006, effective May 23, 2006, 15 days following service of the plaintiff's disclosures. The result is that the defendants have had substantial time to consider the documents the plaintiff has proposed and possible objections thereto, but the plaintiff has only afforded only days, interrupted by the long holiday weekend, to undertake the same exercise. The plaintiff reserves the right to interpose late objections, given the substantially abbreviated opportunity the plaintiff has been afforded for this exercise, all contrary to local rule.

**Plaintiff's Objections to Gannett Fleming, Inc.'s, Disclosures**

    1. The plaintiff reserves the right to proceed only on certificate of copyright Vau 566-971, technical drawings, in which case elevations, Vau 566-972, will be irrelevant. The plaintiff notes also that some of the documents identified as number 1 have a date different from the indicated date of February 24, 2003.

    2. Without knowing the purpose of this document, the plaintiff objects to the same as hearsay.

    3, 4 & 7. The plaintiff does not object to site plans for the purpose of context or chronology but does object to site plans for other purposes, such as delineating wetlands or describing soil conditions or other matters that are the subject of expert testimony.

    6. The plaintiff objects because the document has not been made available for viewing pursuant to local rule 16.5.

**PLAINTIFF'S ATTACHMENT TO JOINT PRETRIAL MEMORANDUM**

11 and 12. The plaintiff understands item number 11 to be dated 1994, not 2004, and to be the notes of Mr. Owen, not the plaintiff, as indicated. The plaintiff objects to these documents to the extent the defendant seeks to challenge the plaintiff's copyright. TMTY, Corp. v. Mass Productions, Inc., 345 F. Supp. 2d 196, 204 (D.P.R. 2004) ("The suggestion of any number of ideas and concepts does not suffice to turn the person or persons making those suggestions of ideas or concepts into authors for copyright purposes.").

14 & 48. The plaintiff believes that this document may be relevant to the issue of implied license but no other issue.

18. The plaintiff believes that this document is admissible against Gannett Fleming but if sought to be offered by Gannett Fleming is hearsay.

21. The plaintiff object on the ground that as to construction, any item other than construction costs, which goes to the plaintiff's damages, is not relevant.

22. The Howe Report is agreeable so long as GF number 190 is included.

23. The Affidavit of William Owen, if offered against the plaintiff, is hearsay.

24 The plaintiff objects to the summary scope of services as hearsay.

26. This document is irrelevant.

28. The date of the later copyright registration is misstated. The original documents, rather than GF numbers, will be offered.

29. The plaintiff does not object to a comparison of the respective plans but this document is incomplete. Presumably the comparisons are demonstrative and therefore not to be made exhibits. The defendant objects to any comparison as to the locations of the relative designs on the site: certainly if the designs were identical, their locations would be irrelevant. Location does not become relevant merely because the infringement is by an impermissible derivative, rather than an impermissible reproduction.

30. The plaintiff never received these documents. See also 29 above.

32. The document described does not appear to be Owen deposition exhibit 22 as indicated but exhibit 2 instead. Borrowing Gannett Fleming's language: The plaintiff "objections to this listing as unintelligible: Exhibit 22 of the deposition of the Town was a contract between the Town and Gannett Fleming. Therefore, the plaintiff objects to the admission of this listed exhibit."

33. The plaintiff understands this document to be a correspondence from Gannett Fleming to the town, not the town to Gannet Fleming, as indicated (unless Mr. Owen's signature and return of the letter is intended to be a second correspondence).

34. The plaintiff believes that some cost estimates may be relevant but excessive iterations are unnecessarily cumulative.

36 & 38. Without a more precise designation, the plaintiff cannot determine what document these are. Numbers 36 and 38 appear to be hearsay.

37 & 44. Hearsay.

39. Hearsay and settlement communications.

40 & 41. Interrogatories may be used as permitted by rule but it is not the plaintiff's understanding that they are to be exhibits.

46. The March 15, 2004, correspondence includes settlement proposals.

47 & 52. This description is too imprecise.

50. Hearsay.

51 & 52. Hearsay.

53. The plaintiff objects to these documents, at least to the extent that Gannett Fleming attempts to date the documents, because Gannett Fleming was unable to date the documents at deposition. See transcript pages 158 - 159.

55. The plaintiff understands this letter to be from the plaintiff and not his counsel.

**Plaintiff's Response to Gannett Fleming, Inc.'s, ~~Disclosures~~ \* Objections**
\* corrected after service and before filing

6. The plaintiff understands that the defendant agrees that this document has been authenticated but may contain hearsay. The plaintiff expects only to offer the comments attributable to the town, if the town should deny the same, pursuant to rule 801(d)(2) and 803(3).

8. The plaintiff does not seek to admit evidence of insurance. Those portions of the document relating the defendants' review of the plaintiff's plans are sought to be introduced or referenced. The document may also be relevant in rebuttal.

10. The plaintiff seeks primarily to introduce the contracts between the parties. The covering correspondence is relevant only for context and probably can be dispensed with.

13 - 19. The plans are relevant as to when infringement began for purposes of statutory damages.

23. The agreement between the town and the general contractor is relevant to the plaintiff's damages. The town has been asked to produce the entire document but has yet to do so.

24. The plaintiff does not expect any photographs, if sought to be introduced, will be disputed and will provide same in advance of trial. See above paragraph 1 of Plaintiff's Objections to Gannett Fleming, Inc.'s, Disclosures.

25. Draft chalks have been provided. No manipulation of the defendants' drawings has occurred. In this case the plaintiff has contended that the defendants modified his drawings, and the plaintiff is entitled to demonstrate how a modification of his drawings results in the defendants' drawings. Further, chalks generally are not sought to be introduced. They need only be authenticated by the plaintiff's testimony that they are fair and accurate. Keller v. U.S., 38 F.3d 16 n. 10 (1994).

26 and 27. The plaintiff does not seek to introduce interrogatory answers but does expect to reference them.

28. The defendant is bound by its pleading. The allegation that the defendant relied on certain statements is an allegation of fact within the defendant's knowledge, as to which the defendant cannot take a contrary position. The statement of fact is not a pleading in the alternative.

29 & 30. Gannett Fleming fully understands what documents are here referenced, though the document was mistakenly identified as deposition exhibit 1 when it was in fact deposition exhibit 2.

33. This document was produced as part of the Plaintiff's Response to Defendant Gannett Fleming's Second Request for Production of Documents, to Plaintiff Greenberg, No. 9. The document is relevant to the issue of implied license.

35. This document was employed by the town in drafting its own request for qualifications. This document seeks completion of existing drawings. The town borrowed relevant language from this document, suggesting that the town sought completion of the plaintiff''s drawings.

38, 40, 41, 43, 44, & 47. These documents are intended to establish notice. Settlement proposals should be omitted.

48. All invoices will have been produced by the defendants in discovery.

49. The plaintiff does not expect to offer the project notebook.

50. These documents probably are all potential rebuttal documents.

### Plaintiff's Objections to the Town of Falmouth's Disclosures

The plaintiff objects to any evidence relative to the use of architectural plans in other town projects, as this evidence is relevant only if it occurred prior to 1994 and if Mr. Greenberg had knowledge of the same.

4

4. The plaintiff believes that this document may be relevant to the issue of implied license but no other issue.

15. The plaintiff is not aware of a letter from Mr. Owen to the Plaintiff dated August 5, 2001. Presumably the letter is hearsay.

16. The authenticity and relevance of this document are not clear. It has not been made available pursuant to local rule 16.5. The job description will not affect Mr. Owen's status as a percipient witness or affect the character of his deposition testimony as the testimony of a party opponent.

**The Town of Falmouth has not objected to any of the plaintiff's disclosures.**

Respectfully submitted,
the plaintiff,
Noah Greenberg,
by his attorney,

_____
Richard M. Russell
Heritage Place Condominium
205 Worcester Court • Unit B 2
Falmouth, Massachusetts 02540
Telephone No. 508.457.7557
BBO No. 561997

Dated: May 31, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document, pursuant to local rule 16.5, is not required to be filed but has been served this day by facsimile transmission to counsel of record.

_____
Richard M. Russell